UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LIONEL LIMA, JR.; BARBARA-ANN DELIZO-LIMA; and CALVIN JON KIRBY, II, individually and on behalf of all others similarly situated, | CIVIL NO. 12-00509 SOM-RLP **DECLARATION OF DAVID B. ROSEN; EXHIBITS A-F** |
| Plaintiffs, | |
| vs. | |
| DEUTSCHE BANK NATIONAL TRUST COMPANY; THE LAW OFFICE OF DAVID B. ROSEN, A LAW CORPORATION; DAVID B. ROSEN; and DOE DEFENDANTS 1-50, | |
| Defendants. | |
| EVELYN JANE GIBO, individually and on behalf of all others similarly situated, | CIVIL NO. 12-00514 SOM-RLP |
| Plaintiff, | |
| vs. | |
| U.S. BANK NATIONAL ASSOCIATION, also known as U.S. Bank N.A., a national banking association; THE LAW OFFICE OF DAVID B. ROSEN, A LAW CORPORATION, a Hawaii professional corporation; DAVID B. ROSEN, individually; and DOE DEFENDANTS 1-50, | |
| Defendants. | |

## <u>DECLARATION OF DAVID B. ROSEN</u>

I, David B. Rosen, declare under penalty of perjury and pursuant to the laws of the United States of America and the State of Hawaii that the following is true and correct:

1.     I am an attorney at law licensed to practice before the Courts of the State of Hawaii and before this Court.  I am counsel for the Defendants THE LAW OFFICE OF DAVID B. ROSEN, A LAW CORPORATION and DAVID B. ROSEN ("Rosen Defendants").

2.     If called as a witness, I would and could competently testify to all of the facts contained herein and upon which I have personal knowledge.

3.     Attached hereto as **<u>Exhibit A</u>** is a true and correct copy of the Complaint filed on July 31, 2013 in <u>SIGWART and DAHLBERG v. THE LAW OFFICE OF DAVID B. ROSEN, A LAW CORPORATION and DAVID B. ROSEN</u>, Civ. No. 13-1-2097-07 (ECN), Circuit Court of the First Circuit, State of Hawaii ("Sigwert/Dahlberg Case").

4.     Attached hereto as **<u>Exhibit B</u>** is a true and correct copy of the Complaint filed on August 6, 2013 in <u>RUSSELL L. HUNGATE v. THE LAW OFFICE OF DAVID B. ROSEN, A LAW CORPORATION and DAVID B. ROSEN</u>, Civ. No. 13-1-2146-08 (RAN), Circuit Court of the First Circuit, State of Hawaii ("Hungate Case").

5.     While plaintiffs' counsel in the instant Gibo and Lima Cases, <u>Bald v. Wells Fargo Bank, N.A.</u>, Civil No. 13-00135-SOM-KSC (D. Haw.) ("Bald Case"), Sigwert/Dahlberg Case, and Hungate Case (collectively referred to as the "Five Cases") differ slightly by case, they are made up of attorneys from the following firms: (1) Bickerton, Lee, Dang & Sullivan (James J. Bickerton and Stanley H. Roehrig); (2) Perkin & Faria LLLC (John F. Perkin and Brandee J.K. Faria); (3) Affinity Law Group (Raymond C. Cho and Van-Alan H. Shima); and (4) the Law Office of Stanley H. Roehrig (Stanley H. Roehrig).   Upon information and belief, the Bickerton, Lee, Dang & Sullivan and Perkin & Faria firms are the principals behind the Five Cases, thus, plaintiffs' counsel is referred to herein as the "Bickerton/Perkin Firms."

6.     The conduct of the Bickerton/Perkin Firms, in filing five separate actions against the Rosen Defendants has not only discouraged me from continuing to represent lenders in foreclosure related matters, but also has made it extremely difficult for me to engage in the practice of law.

7.     This is because The Law Office of David B. Rosen, ALC, consists only of me, a part-time associate (who is about to go on maternity leave for the next 4 months), and support staff.

8.     During the past 11 months, the actions of the Bickerton/Perkin Firms have caused me to decline new cases and clients, and transfer to other attorneys existing and further work from my existing clients.

9.     Thus, the Bickerton/Perkin Firms' conduct during the past 11 months has resulted in a substantial decrease in revenue to my firm and income to me.

10.     Having to defend against the Bickerton/Perkin Firms' continuing frivolous attacks against the Rosen Defendants means that I do not have either the time or resources to represent other fee paying clients and earn income to maintain my office and support my employees, my family, and myself.

11.     The actions of the Bickerton/Perkin Firms have also caused me physiological injury.  In particular, in March 2013, I contracted Shingles, which is a stress induced illness.  I attribute this in significant part to having to defend against the cases brought by the Bickerton/Perkin Firms against the Rosen Defendants.

12.     Attached hereto as **Exhibit C** is a true and correct copy of that certain e-mail string containing correspondence between myself and Plaintiff's counsel between September 17, 2012 and October 10, 2012.

13.     The **Exhibit C** correspondence reflects my efforts to explain to the Bickerton/Perkin Firms why their claims against me were frivolous and should be withdrawn.  Furthermore, it details the Bickerton/Perkin Firms' unreasonable conduct – e.g., in failing to timely serve the Rosen Defendants, in refusing to grant the Rosen Defendants a reasonable extension of time to respond to the First Amended Complaint, in refusing to articulate the legal basis for the claims asserted against the Rosen Defendants (see 9/25/12 e-mail ("We respectfully decline your

invitation to lay out in more detail the legal basis for our claim.") – all of which compelled the Rosen Defendants to incur addition expense and hardship.

14.    A true and correct copy of that certain e-mail string containing correspondence between myself and the Bickerton/Perkin Firms between July 31, 2013 and August 6, 2013, is attached hereto as **Exhibit D**.

15.    Upon information and belief, the Bickerton/Perkin Firms are engaged in an intentional and concerted effort to discourage me and other attorneys from continuing to represent lenders in foreclosure related matters by suing me and other attorneys personally for our representation of mortgage lenders.

16.    Upon information and belief, the Bickerton/Perkin Firms are intentionally filing these cases to generate publicity for themselves for their personal pecuniary benefit.

17.    A true and correct copy of the Honorable Judge Susan Oki Mollway's Order granting Wells Fargo's Motion to Dismiss in the Bald Case is attached hereto as **Exhibit E**.

18.    A true and correct copy of the plaintiffs' Opposition to the Rosen Defendants' Rule 11 Motion in the Bald Case is attached hereto as **Exhibit F**.

DATED: Honolulu, Hawaii, August 12, 2013.


/s/ David B. Rosen
DAVID B. ROSEN