**Jennifer Pineda**

| | |
|---|---|
| From: | James J. Bickerton [bickerton@bsds.com] |
| Sent: | Wednesday, October 10, 2012 7:23 PM |
| To: | David Rosen |
| Cc: | John Perkin; shroehrig@hawaii.rr.com; Brandee Faria; Valerie J. Lam; Lina Pangelinan |
| Subject: | Re: Foreclosure Class Actions - Request for Extension to Answer |

David

To be clear we do not intend to withdraw or dismiss the claim against you and do not plan to amend further without leave of court, which we see no reason to seek based on your present arguments.

Given this, do you still require an extension as you now know that you have to answer or move to dismiss under Rule 12 and you know what you have to answer?

Sincerely,

Jim

On Oct 10, 2012, at 5:56 PM, David Rosen <drosen@rosenlawhawaii.com> wrote:

> I am not going to respond to your argumentative questions.  I have requested an extension to determine whether you will withdraw or amend your complaints based on the arguments I have set forth.
>
> I believe I am entitled to confirm your intentions before I incur the expense of retaining counsel and before I trouble the court with motions that may be moot, should you decide to further amend or withdraw your complaints.
>
> However, since you are going to be difficult and have refused my simple request, I will address this issue with the court at the Rule 16 conference.
>
> **David B. Rosen, Esq.**
>
> **The Law Office of David B. Rosen, ALC**
>
> 810 Richards Street, Suite 880
>
> Honolulu, HI 96813
>
> 808.523.9393 (Tel)  808.523.9595 (Fax)
>
> _____
>
> GENERAL NOTICE: This e-mail, including any attachment(s) is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521, is confidential and may be legally privileged.  If you are not the intended recipient, you are hereby notified that any retention, dissemination, distribution, or copying of this communication is strictly prohibited.  Please reply to the sender that you have received the message in error, then delete it. Thank you.
> NOTICE TO CLIENTS: This e-mail has been sent as a confidential communication by the Law Office of David B. Rosen in furtherance of and for the purpose of facilitating the rendition of professional legal services.  If you are a client, this e-mail may be protected by the attorney-client privilege and the work product doctrine.  Do not share this e-mail with opposing parties, opposing counsel or any other third-person or entity. Copies of this e-mail should not be kept in your regular files.  If you print a copy of this e-mail, place it in a separate file labeled "Attorney-Client Privilege." DO NOT PRODUCE A COPY OF THIS E-MAIL IN DISCOVERY.

1

# EXHIBIT C

**FAIR DEBT COLLECTION PRACTICES ACT NOTICE:** **Federal law requires us to notify you that this office is attempting to collect a debt. Any information obtained will be used for that purpose. All included information is proprietary and confidential and is for the use of the intended recipient only.**

---

**From:** Bickerton, James J. [mailto:bickerton@bsds.com]
**Sent:** Wednesday, October 10, 2012 5:33 PM
**To:** David Rosen
**Cc:** John Perkin; shroehrig@hawaii.rr.com; Brandee Faria; Valerie J. Lam; Lina Pangelinan
**Subject:** Re: Foreclosure Class Actions - Service Rule 11 Ltr. and Related Documents

David
My staff was instructed to deliver the federal summons. If you only got the state summons, that was an error. I am sending my secretary over now with another copy of the federal summons so that you have the federal summons (although their recollection is that the federal summons was clipped to the amended complaint delivered to you today).
The reason you have not been served with the Lima complaint is that we did not have the federal summons and had to apply for one after the case was removed.  Once my assistant has it in hand, you will be served with the Lima complaint.

I cannot speak to service in the Bald case as I am not involved in that one.  Mr. Perkin or Ms. Faria will address that separately.

With respect to your request for an additional 30 day extension I have some questions and concerns that will need to be addressed and answered first.

First, by delaying formal service while we obtained summonses from the federal court, you have had a de facto extension (because you had a courtesy copy of the pleading already).

Second, US Bank and Deutsche just filed their motions to dismiss and they were not set for hearing until late January.  If we grant an additional 30 days beyond the 20 days that starts today, you would not file your motion to dismiss until the end of November and the motion presumbaly would not be heard until March 2013.  We need to get these cases moving a lot quicker than that. (If we are successful in remanding the cases then this will not be such a concern as state court does not set motions 3 to 4 months out, which is a reason why we seek remand).

Third, it appears from your attachments that you have already prepared your motion to dismiss.

Fourth, it appears that you are representing yourself.  We had hoped by now your insurance counsel would be involved; we are concerned that your Rule 11 papers may make admissions that prejudice your case in a way that will jeopardize your coverage.  We prefer to seek insurance coverage and not pursue assets when we sue individuals.  We would be nmore inclined to consider the extension request if it came from insurance defense counsel rather than someone whose main goal appears to be to seek sanctions against us.  Can you confirm that you have tendered to your insurer and counsel is in the process of being retained?

Fifth, I believe we had asked earlier if you could explain why you need such a long extension; we have not received an adequate explanation.  Your current explanation, that you need time for the Rule 11 motion to mature, makes no sense.  Given that hearing on the Rule 12 motion to dismiss would be months off, you can file your Rule 11 motion whenever you like and it will still be on file before the Rule 12 motion is heard.  I do not see the two motions as related

because a case can be dismissed under Rule 12 but not reach the level of frivolousness required for Rule 11.

Turning to your attachments of your Rule 11 and Rule 12 papers, we have read them. They add absolutely nothing new to our understanding.

First, if you have read our motions to remand in Lima and Gibo, you know that the argument that you owe no "duty of care" to the borrower is misplaced and irrelevant. There is ample law that as an agent of the mortgagee you face liability for UDAPs and wrongful foreclosure committed in which you played an active role. Under Hawaii law, you were required by Section 667-5 (2008) to play an active role.

Second, you cite no authority that you can only be liable under Chapter 480 if the consumer consumed services *from you*. In fact that is not the law. Anyone acting in trade or commerce is liable under Chapter 480 if they injure a consumer. In this case, under the *Keka* case, mortgage borrowers were consumers. The mortgagees certainly received funds from the borrowers, at least until the borrowers went into default. You were the agent of the mortgagee. Under the *Fuller* case, you are liable along with the mortgagee.

Third, your reliance on *Kekauoha* for a rule that postponements need only be announced orally is misplaced. We will show the court why that case is inapposite and, in any event, we do not believe that proper consideration was given in that case to either Hawaii law or the plain language of the mortgage with respect to the requirement of written publication. Both the Rush Moore and Leu & Okuda firms published their notices of postponement; if they did not construe the law and/or mortgage as requiring it, why would they have caused their clients to have incurred this considerable expense? In any event, even if not legally required, a fact question remains as to whether it was unfair or deceptive within the meaning of Chapter 480 to postpone auctions with no more notice than an oral announcement to whoever was gathered on the courthouse steps that day.

Fourth, to the extent you question whether you can be held liable for the publishing of notices that offered quitclaim deeds, we note that both banks (US Bank and Deutsche) did in fact convey to auction bidders by limited warranty deed, demonstrating that this was both feasible and actually done in practice. In fact, this was done in the Limas' case as well as others we are aware of. Since the banks could and did do this, those persons preparing notices should not have stated therein that sale would be by quitclaim deed. We have other arguments we will share in due course, but this should suffice to address your point that the banks could not offer anything more than a quitclaim deed.

Sincerely,

Jim Bickerton


On Wed, Oct 10, 2012 at 4:05 PM, David Rosen <drosen@rosenlawhawaii.com> wrote:
I write on behalf of myself individually and my law corporation. This will confirm that we were served with the amended state court complaint and summons in the Gibo case today. I am still unclear why the other complaints that you have filed still have not been served.

I am also not clear as to the effect of your serving me with a *state court summons* given that this case is now pending in federal court.

*Nevertheless, I am requesting a 30 day extension of the purported current Answer/response deadline in this case of October 31, 2012.* The reason for this request is to allow you adequate time to respond to my attached Rule 11 letter, proposed Rule 11 motion, and proposed Motion to Dismiss, which are also being hand-delivered to each of you today.

However, because Mr. Beaman's clients have already filed motions to dismiss in the Gibo *and Lima* cases, it may be necessary (depending on when hearings are set on Mr. Beaman's motions) for me to file my Motions to Dismiss in those cases as well. Consequently, I reserve the right to do so without further notice.

I remain open to discussing the allegations you have made against me and my firm at any time.

David B. Rosen, Esq.

The Law Office of David B. Rosen, ALC

810 Richards Street, Suite 880

Honolulu, HI 96813

808.523.9393 (Tel)   808.523.9595 (Fax)

_____

GENERAL NOTICE: This e-mail, including any attachment(s) is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521, is confidential and may be legally privileged. If you are not the intended recipient, you are hereby notified that any retention, dissemination, distribution, or copying of this communication is strictly prohibited. Please reply to the sender that you have received the message in error, then delete it. Thank you.

NOTICE TO CLIENTS: This e-mail has been sent as a confidential communication by the Law Office of David B. Rosen in furtherance of and for the purpose of facilitating the rendition of professional legal services. If you are a client, this e-mail may be protected by the attorney-client privilege and the work product doctrine. Do not share this e-mail with opposing parties, opposing counsel or any other third-person or entity. Copies of this e-mail should not be kept in your regular files. If you print a copy of this e-mail, place it in a separate file labeled "Attorney-Client Privilege." DO NOT PRODUCE A COPY OF THIS E-MAIL IN DISCOVERY.

FAIR DEBT COLLECTION PRACTICES ACT NOTICE: **Federal law requires us to notify you that this office is attempting to collect a debt. Any information obtained will be used for that purpose. All included information is proprietary and confidential and is for the use of the intended recipient only.**

---

**From:** David Rosen
**Sent:** Friday, October 05, 2012 12:38 PM
**To:** Bickerton, James J.; John Perkin; shroehrig@hawaii.rr.com; Brandee Faria; Valerie J. Lam; Raymond Cho
**Subject:** RE: Service of Complaint - Foreclosure Class Actions

I still have not been served with any of the complaints, which have been filed by your respective firms, naming me and my firm as defendants. Please confirm the reason for this delay and when you intend on effectuating service. Alternatively, please let me know if you have reconsidered including me as a party in these cases.

It is my understanding that at least one of these cases, Gibo, has a motion(s) pending that may affect me. Should you refuse to effectuate service in a timely manner, I may be compelled to proceed with appearing in one or more of these cases.

David B. Rosen, Esq.

The Law Office of David B. Rosen, ALC

810 Richards Street, Suite 880

Honolulu, HI 96813

808.523.9393 (Tel)  808.523.9595 (Fax)

_____

GENERAL NOTICE: This e-mail, including any attachment(s) is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521, is confidential and may be legally privileged.  If you are not the intended recipient, you are hereby notified that any retention, dissemination, distribution, or copying of this communication is strictly prohibited.  Please reply to the sender that you have received the message in error, then delete it. Thank you.

NOTICE TO CLIENTS: This e-mail has been sent as a confidential communication by the Law Office of David B. Rosen in furtherance of and for the purpose of facilitating the rendition of professional legal services.  If you are a client, this e-mail may be protected by the attorney-client privilege and the work product doctrine.  Do not share this e-mail with opposing parties, opposing counsel or any other third-person or entity. Copies of this e-mail should not be kept in your regular files.  If you print a copy of this e-mail, place it in a separate file labeled "Attorney-Client Privilege." DO NOT PRODUCE A COPY OF THIS E-MAIL IN DISCOVERY.

FAIR DEBT COLLECTION PRACTICES ACT NOTICE: **Federal law requires us to notify you that this office is attempting to collect a debt. Any information obtained will be used for that purpose.  All included information is proprietary and confidential and is for the use of the intended recipient only.**

**From:** Bickerton, James J. [mailto:bickerton@bsds.com]
**Sent:** Tuesday, September 25, 2012 8:35 PM
**To:** David Rosen
**Cc:** John Perkin; shroehrig@hawaii.rr.com; Brandee Faria; Valerie J. Lam
**Subject:** Re: Service of Complaint - Foreclosure Class Actions

David
Thank you for your prompt and candid reply.   Sorry it has taken me a few days to respond; I had other matters that needed immediate attention.

We are prepared to give a 30 day extension, but would require some more justification for a 60 day extension. We presume you are insured and that your insurer will appoint counsel promptly, thus obviating one possible reason for a long extension. If this assumption is incorrect please advise.  We note you have not yet been served, so the time to answer or otherwise respond has not even commenced.
With respect to your other questions, I believe we have so far filed two complaints against you, one in Lima v. Deutsche Bank and one in US Bank v Gibo. (Mr. Perkin has another case I am not involved in against Wells Fargo, but I do not know if you are named in that one).
We will contact you to arrange a time for delivery of the formal service copies of the pleadings, but that may be several days from now.  Let me know if you want courtesy copies of the two amended complaints, although from your exposition of the claimed reasons why our clients have no claim against you I presume you  already have copies of the pleadings.
We respectfully decline your invitation to lay out in more detail the legal basis for our claim.  Deutsche Bank has challenged our naming of you as "frivolous" and "sham," and we are saving our arguments for our response to that contention.
Although you claim to have "other bases" that make the claims "frivolous," you do not disclose them and instead rely merely on an interpretation of law that you were not under any legal

obligation to publish notices of postponement. We disagree with the analysis that you have laid out in your letter; while we will not provide authorities and analysis here, we expect to provide some of our analysis in motions for remand that we expect to file shortly and which we will serve on you. If you want to share with us the "other bases" you mention, we will consider them in good faith.
Sincerely,
Jim Bickerton

On Thu, Sep 20, 2012 at 9:10 AM, David Rosen <drosen@rosenlawhawaii.com> wrote:
I do not know how many complaints you have filed against me.  However, it is my understanding that some or all allege essentially the same two claims; i.e., defects in postponement notices and the manner of conveyance.

Postponement notices were not published and are not required by law or otherwise to be published.  See HRS § 667–5 (any properly noticed sale "may be postponed from time to time by public announcement made by the mortgagee or by some person acting on the mortgagee's behalf."); In re Kekauoha-Alisa, 2007 WL 1752266, at *4 (Bkrtcy. D. Haw. Jun. 15, 2007); In re Kekauoha, 674 F.3d 1083, 1088(9th Cir. (Haw.) 2012) (agreeing with the bankruptcy court's interpretation and dictionary definition of 'public announcement,' which "captures the essence of what the statute requires: Mortgagees shall publicly announce the postponement of a foreclosure sale to a subsequent date.").  If you contend otherwise, I would be interested in the basis for and authority supporting your assertion.

Likewise, warranty deeds, by definition, cannot be provided in the context of a foreclosure because the grantor (i.e., the foreclosing mortgagee) does not have possession (i.e., seisin) of the property being conveyed.  See e.g., 21 C.J.S. Covenants § 16; 7 G. Thompson, Real Property § 3178, at 240 (1962 repl.).

There are other bases that make your claims against me and my firm frivolous, which will be addressed later.  However, any other issue of fact or law could and should have been addressed before you decided to sue me.

I have requested that you agree to allow me a 60 day extension to answer/respond to any complaint once the complaint(s) is served.  You can either agree to this or not.  Should you disagree my answer/response would likely be due before the expiration of the Rule 11 safe harbor period.  This may cause needless expense should you decide to dismiss the complaint in response to my anticipated Rule 11 letter.

Please advise if/when the complaints will be served.

David B. Rosen, Esq.
The Law Office of David B. Rosen, ALC
810 Richards Street, Suite 880
Honolulu, HI 96813
808.523.9393 (Tel)  808.523.9595 (Fax)
_____

GENERAL NOTICE: This e-mail, including any attachment(s) is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521, is confidential and may be legally privileged.  If you are not the intended recipient, you are hereby notified that any retention, dissemination, distribution, or copying of this communication is strictly prohibited.  Please reply to the sender that you have received the message in error, then delete it. Thank you.
NOTICE TO CLIENTS: This e-mail has been sent as a confidential communication by the Law Office of David B. Rosen in furtherance of and for the purpose of facilitating the rendition of professional legal services.  If you are a client, this e-mail may be protected by the attorney-client privilege and the work

product doctrine.  Do not share this e-mail with opposing parties, opposing counsel or any other third-person or entity. Copies of this e-mail should not be kept in your regular files.  If you print a copy of this e-mail, place it in a separate file labeled "Attorney-Client Privilege." DO NOT PRODUCE A COPY OF THIS E-MAIL IN DISCOVERY.

FAIR DEBT COLLECTION PRACTICES ACT NOTICE: **Federal law requires us to notify you that this office is attempting to collect a debt. Any information obtained will be used for that purpose.  All included information is proprietary and confidential and is for the use of the intended recipient only.**

---

**From:** Bickerton, James J. [mailto:bickerton@bsds.com]
**Sent:** Thursday, September 20, 2012 7:04 AM
**To:** David Rosen
**Cc:** John Perkin; shroehrig@hawaii.rr.com; Brandee Faria; Valerie J. Lam
**Subject:** Re: Service of Complaint - Foreclosure Class Actions

David

We are in receipt of your request for a 60 day extension to respond to the two complaints (which have not yet been served on you so there is currently no response due date). We are normally happy to grant such courtesies (usually for just 30 days), but your request also includes a threat to seek sanctions against us. Needless to say, such threats do not encourage us to grant the ordinary courtesies.
Nevertheless, in an effort to be constructive, we ask that you let us know whether your planned Rule 11 motion will be based on (a) a contention that our alleged facts are wrong and that you did in fact publish newspaper notices of postponed dates and simply failed to mention it in your many filed Affidavits of Foreclosure or (b) a contention that the law does not support a claim based on the facts we have alleged. If you state that contention (a) is correct and you did in fact publish the postponement notices in the newspaper, we would certainly give serious consideration to that point. If your contention is (b), that the law does not support our claim, we do not need to discuss the Rule 11 issue further as we have done more than enough research on the topic.
After we receive your reply we will be able to respond to your request for a 60 day extension.

Sincerely

Jim Bickerton


On Tue, Sep 18, 2012 at 3:41 PM, David Rosen <drosen@rosenlawhawaii.com> wrote:
You can have a messenger bring the complaints to my office with acknowledgements of service and I will sign them.  Call first to make sure I am in the office.

If anyone wants to discuss the complaints and the claims alleged against me and my firm please let me know.

Finally, please confirm whether you are agreeable to a 60 day extension to any answer/response deadline, as I will need to obtain counsel and I anticipate sending you a Rule 11 "safe harbor" letter that requires allowing you 21 days to respond.

David B. Rosen, Esq.

The Law Office of David B. Rosen, ALC

810 Richards Street, Suite 880

Honolulu, HI 96813

808.523.9393 (Tel)  808.523.9595 (Fax)

_____

GENERAL NOTICE: This e-mail, including any attachment(s) is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521, is confidential and may be legally privileged.  If you are not the intended recipient, you are hereby notified that any retention, dissemination, distribution, or copying of this communication is strictly prohibited.  Please reply to the sender that you have received the message in error, then delete it. Thank you.

NOTICE TO CLIENTS: This e-mail has been sent as a confidential communication by the Law Office of David B. Rosen in furtherance of and for the purpose of facilitating the rendition of professional legal services.  If you are a client, this e-mail may be protected by the attorney-client privilege and the work product doctrine.  Do not share this e-mail with opposing parties, opposing counsel or any other third-person or entity. Copies of this e-mail should not be kept in your regular files.  If you print a copy of this e-mail, place it in a separate file labeled "Attorney-Client Privilege." DO NOT PRODUCE A COPY OF THIS E-MAIL IN DISCOVERY.

FAIR DEBT COLLECTION PRACTICES ACT NOTICE: **Federal law requires us to notify you that this office is attempting to collect a debt. Any information obtained will be used for that purpose.  All included information is proprietary and confidential and is for the use of the intended recipient only.**

_____

**From:** Raymond Cho [mailto:rcho@affinitylaw.com]
**Sent:** Monday, September 17, 2012 7:17 PM
**To:** David Rosen
**Cc:** John Perkin; Bickerton, James J.; Van Shima
**Subject:** Service of Complaint

Hey David:

John F. Perkin has agreed not to serve complaint via a process server as you have agreed to accept service voluntarily.  Please let me best method to serve the complaint.

Sincerely,

Raymond C. Cho, Esq.

Affinity Law Group, LLLC

Attorneys-at-Law

1188 Bishop Street, Suite 3408

Honolulu, Hawaii 96813

Bus: (808) 545-4600

Fax: (808) 545-4601

_____

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

--
**James J. Bickerton, Esq.**

Bickerton Lee Dang & Sullivan
745 Fort Street, Suite 801
Honolulu, HI 96813
Phone: 808.599.3811 x.513
Fax: 808.533.2467

This electronic message is intended only for the individual or entity to which it is addressed and may contain information that is confidential and protected by law, including the attorney-client privilege and/or the attorney work product privilege. If you are not the intended recipient of this e-mail, you are cautioned that use of its contents in any way is prohibited and may be unlawful. If you have received this communication in error, please notify the sender immediately by e-mail or telephone and return the original message by e-mail to the sender or to postmaster@bsds.com.  Thank you.

--
**James J. Bickerton, Esq.**

Bickerton Lee Dang & Sullivan
745 Fort Street, Suite 801
Honolulu, HI 96813
Phone: 808.599.3811 x.513
Fax: 808.533.2467

This electronic message is intended only for the individual or entity to which it is addressed and may contain information that is confidential and protected by law, including the attorney-client privilege and/or the attorney work product privilege. If you are not the intended recipient of this e-mail, you are cautioned that use of its contents in any way is prohibited and may be unlawful. If you have received this communication in error, please notify the sender immediately by e-mail or telephone and return the original message by e-mail to the sender or to postmaster@bsds.com.  Thank you.

--
**James J. Bickerton, Esq.**

Bickerton Lee Dang & Sullivan
745 Fort Street, Suite 801

Honolulu, HI 96813
Phone: 808.599.3811 x.513
Fax: 808.533.2467

This electronic message is intended only for the individual or entity to which it is addressed and may contain information that is confidential and protected by law, including the attorney-client privilege and/or the attorney work product privilege. If you are not the intended recipient of this e-mail, you are cautioned that use of its contents in any way is prohibited and may be unlawful. If you have received this communication in error, please notify the sender immediately by e-mail or telephone and return the original message by e-mail to the sender or to postmaster@bsds.com.  Thank you.