*PERKIN & FARIA LLLC*
JOHN FRANCIS PERKIN                    1673-0
BRANDEE J.K. FARIA                     6970-0
Topa Financial Center
700 Bishop Street, Suite 1111
Honolulu, Hawaii  96813
Tel.  (808) 523-2300
Fax. (808) 697-5302

and

*AFFINITY LAW GROUP*
RAYMOND C. CHO                         8337-0
VAN-ALAN H. SHIMA                      8176-0
1188 Bishop Street, Suite 3408
Honolulu, Hawaii 96813
Tel.  (808) 545-4600
Fax. (808) 545-4601

Attorneys for Plaintiffs
DAVID EMORY BALD and
EMILY LELIS, individually and
on behalf of all others similarly situated.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAI`I

| | | |
|---|---|---|
| DAVID EMORY BALD and EMILY LELIS,  individually and on behalf of all others similarly situated, | ) ) ) | CIVL NO. 13-00135 SOM-KSC (Class Action) |
| Plaintiffs, | ) ) ) | **PLAINTIFFS' <u>MEMORANDUM IN OPPOSITION</u> TO DEFENDANTS THE LAW** |
| vs. | ) ) ) | **OFFICE OF DAVID B. ROSEN, A LAW CORPORATION AND DAVID B. ROSEN'S MOTION** |
| WELLS FARGO BANK, N.A., a national banking association; THE LAW OFFICE OF DAVID B. ROSEN, A LAW CORPORATION, a | ) ) ) ) | **FOR RULE 11 SANCTIONS [Dkt 33]; DECLARATION OF BRANDEE J.K. FARIA "1" - "11";** |

# EXHIBIT F

Hawaii professional corporation;    )   **CERTIFICATE OF SERVICE**
DAVID B. ROSEN, individually; and   )
DOE DEFENDANTS 1-50,   )
   )
      Defendants.   )
   )

## MEMORANDUM IN OPPOSITION

DAVID EMORY BALD and EMILY LELIS (**"Plaintiffs"**), individually and on behalf of all others similarly situated, hereby submit their Opposition to the Motion for Rule 11 Sanctions filed herein on June 6, 2013 by Defendants THE LAW OFFICE OF DAVID B. ROSEN, A LAW CORPORATION, and DAVID B. ROSEN (collectively, **"Rosen Defendants"**). On July 1, 2013, Plaintiffs filed their *Notice of Dismissal of Defendants The Law Office of David B. Rosen, a Law Corporation, and David B. Rosen, Individually* [Dkt. 40].

**I.   THE ROSEN DEFENDANTS HAVE THE BURDEN OF SHOWING A RULE 11 VIOLATION AND HAVE NOT PROVIDED ANY ANALYSIS OF WHY PLAINTIFFS'COUNSEL'S CONTINUED ADVOCACY VIOLATED RULE 11 BEYOND CITING THE FACT OF DISMISSAL AND A MAGISTRATE-JUDGE'S UNACCEPTED FINDINGS ON THE REMAND MOTION IN A SEPARATE CASE.**

A party moving for Rule 11 sanctions bears the burden of establishing non-compliance. *Tom Growney Equipment, Inc. v. Shelley Irr. Development, Inc.*, 834 F.2d 833, 837 (9th Cir. 1987). The Rosen Defendants present no analysis of why the claim against them is "frivolous". The mere fact that the Rosen Defendants incorporate the arguments of their motion to dismiss, is no substitute for the

required showing needed to meet the heavy burden of demonstrating that a claim was not merely subject to dismissal but was so patently without merit as to be "frivolous."

Among other grounds, a district court may impose Rule 11 sanctions if a paper filed with the court is for an improper purpose, *or if it is frivolous*. FRCP 11(b)(1)-(2); *Townsend v. Holman Consulting,* 929 F.2d 1358, 1362 (9th Cir. 1990) (*en banc*). The Rosen Defendants have presented no evidence of an improper purpose.

The standard governing both the "improper purpose" and "frivolous" inquiries is objective. *Id.* "[T]he subjective intent of the ... movant to file a meritorious document is of no moment. The standard is reasonableness. The 'reasonable man' against which conduct is tested is a competent attorney admitted to practice before the district court." *Zaldivar v. City of Los Angeles,* 780 F.2d 823, 830 (9th Cir. 1986).

The standard the movant must meet is a high one. *See, e.g., Holgate v. Baldwin,* 425 F.3d 671, 676 (9th Cir. 2005) ("[T]he word 'frivolous' ... denote[s] a filing that is *both* baseless *and* made without a reasonable and competent inquiry." (quotation omitted)); *United Nat'l Ins. Co. v. R & D Latex Corp.,* 242 F.3d 1102, 1117 (9th Cir. 2001) (reversing Rule 11 sanctions because "[c]ounsel ... had *some* plausible basis, albeit quite a weak one" for the argument advanced).

It should also be noted that Plaintiffs' counsel cannot be sanctioned under FRCP Rule 11 for **signing** the Complaint since that pleading was filed in **State** court. Instead, counsel can only be sanctioned for "later advocating" the Complaint after removal **if** movant carries his burden to show that such later advocacy violates Rule 11:

> Although prior to the amendments conduct was measured only at signing, *see Hurd v. Ralphs Grocery Co.,* 824 F.2d 806, 808 (9th Cir.1987), Rule 11 now authorizes sanctions for "presenting to the court (whether by signing, filing, submitting, or *later advocating* )" a document otherwise sanctionable. *See Bisciglia v. Kenosha Unified School Dist. No. 1,* 45 F.3d 223, 227 n. 5 (7th Cir.1995); *Developments in the Law-Lawyers' Responsibilities and Lawyers' Responses,* 107 Harv.L.Rev. 1547, 1635 (1994). Thus, as the Advisory Committee noted "if after a notice of removal is filed, a party urges in federal court the allegations of a pleading filed in state court ..., it would be viewed as 'presenting' – and hence certifying to the district court under Rule 11 – those allegations." Buster **has continued to urge the allegations in his complaint since removal**.

*Buster v. Greisen* 104 F.3d 1186, 1190 (9th Cir. 1997) (emphasis added).

The first point at which Plaintiffs' counsel "later advocated" the Complaint **against the Rosen Defendants** after the case was removed to this Court was in their opposition to the Rosen Defendants' motion to dismiss, filed on May 13, 2013. That opposition to the Rosen Defendants' motion to dismiss is the paper being challenged and is the one that must be judged against the Rule 11 standard.

In any event, the Rosen Defendants conduct no analysis of why Plaintiffs' counsel's "later advocating" violated FRCP Rule 11. Instead they merely cite to

their motion to dismiss and a Magistrate-Judge's Findings and Recommendations in a separate case, *Gibo v. U.S. Bank*. However, "merely pointing to the prior order granting defendants' motion to dismiss, without any explanation as to why plaintiff was aware of his action's lack of merit, does not satisfy defendants' burden of revealing 'exceptional circumstances.'" *McMillin v. Foster City*, 2012 WL 5464606, *3 (N.D. Cal. 2012). This is especially true when, like here, the dismissal order was entered in a different action.

The Rosen Defendants also emphasize that they sent letters demanding the claims be withdrawn or Plaintiffs' counsel would face sanctions. However, such warnings from adverse counsel are held to be of little weight: "Furthermore, defendants' argument that plaintiff 'belligerently proceeded onward and offended Rule 11' by choosing to ignore defendants' warnings via letter correspondence is untenable. . . . By itself, not heeding advice of *opposing* counsel, in an adversarial system, hardly constitutes "exceptional circumstances." *McMillin, supra,* 2012 WL 5464606 at *3* (emphasis in original).

Given that the Rosen Defendants have the burden here, yet have provided no new analysis of how Rule 11 was violated that is distinct from their general arguments for dismissal, the Rule 11 motion should be denied. Furthermore, rules of practice and due process prohibit them from now attempting to offer their Rule 11 analysis for the first time in a reply memorandum.

As noted, the Rosen Defendants also rely on the Magistrate's finding of "frivolous joinder" of January 29, 2013, in the *Gibo v. U.S. Bank* case, even though Judge Mollway did not accept the finding regarding "frivolous joinder" in her March 29, 2013 order [*Gibo* Dkt 84]. Plaintiffs submit that an unaccepted finding in a separate case cannot be binding. Assuming that it is proper to use a Magistrate's unaccepted finding in a separate case as a basis to rule here, rather than conducting the analysis anew with a review of the entire record as required by Rule 11, Plaintiffs and their counsel adopt and incorporate by reference the February 12, 2013 Objections [*Gibo* Dkt 74] to those findings and recommendations in *Gibo*. With due respect to the Magistrate-Judge Puglisi, he applied the wrong standard for frivolous joinder, as explained in detail in those Objections. The prior ruling in *Gibo* should therefore play no role in the analysis here.

## II. THE ATTACHED PAPERS DEMONSTRATE THAT PLAINTIFFS' COUNSEL AT ALL TIMES HAD AN OBJECTIVELY REASONABLE BASIS FOR THEIR CONTINUED ADVOCACY.

Below is a summary of the motion papers and other documents that are attached to the Declaration of Brandee J.K. Faria, attached hereto and incorporated herein. There is no need to reargue them in this memorandum as they speak for themselves in showing that a carefully reasoned, annotated and well-supported

theory was being asserted against the Rosen Defendants, one which the Ninth Circuit will undoubtedly be reviewing.

A review of the motion papers demonstrates and the law cited therein demonstrate Plaintiffs had a very good basis for objectively believing that their complaint had substantial merit, and in their opposition to Rosen Defendants' motion to dismiss they presented substantial authority for the proposition that a bank's *attorney* can be liable for the same conduct as the bank in the wrongful foreclosure/UDAP context.

Even a cursory review of these papers shows that Plaintiffs' arguments were well-reasoned and supported by substantial authority. The arguments were "novel" only in the sense that the old Hawaii cases Plaintiff relied on are not frequently cited today even though they remain good law.

Furthermore, the law is clear that the "novel" nature of an argument is not a ground for sanctions lest creative lawyers be chilled:

> So, for example, a suit raising a novel issue of law as to which there is no caselaw to the contrary would not be subject to Rule 11 sanctions, even if it was subject to dismissal on the pleadings for failure to state a claim for relief. *See, e.g., Larez v. Holcomb,* 16 F.3d 1513, 1522 (9th Cir. 1994) ("[W]e must exercise extreme caution in sanctioning attorneys under Rule 11, ***particularly*** where such sanctions emerge from an attorney's efforts to secure the court's recognition of new rights."); *Simon DeBartolo Grp., L.P. v. Richard E. Jacobs Grp., Inc.,* 186 F.3d 157, 167 (2d Cir. 1999) ("[T]o constitute a frivolous legal position for purposes of Rule 11 sanction, it must be clear under existing precedents that there is no

chance of success and no reasonable argument to extend, modify or reverse the law as it stands." (quotation omitted)).

*Strom v. U.S.*, 641 F.3d 1051, 1059 (9th Cir. 2011) (emphasis in original).

The following list is not exhaustive, but any fair assessment of whether Plaintiffs' counsel violated Rule 11 requires a careful perusal of at least these papers. True and correct copies of these papers are attached as exhibits to the Faria Declaration. The exhibits to the pleadings listed below are not included in the attachments.

| DATE | DOCUMENT | Exhibit No. |
|------|----------|-------------|
| May 13, 2013 | "Plaintiffs' Memorandum in Opposition to Defendants The Law Firm of David B. Rosen, a Law Corporation, and David B. Rosen's Motion to Dismiss Complaint" [Dkt 23] | 1 |
| May 13, 2013 | "Plaintiffs' Memorandum in Opposition to Defendant Wells Fargo's Motion to Dismiss Complaint" [Dkt 24] | 2 |
| November 1, 2012 | "Plaintiffs' Reply Memorandum To Defendant's October 18, 2012 Memorandum In Opposition To Plaintiff Evelyn Jane Gibo's, Individually And On Behalf Of All Others Similarly Situated, Motion For An Order Of Remand, Filed October 4, 2012 in *Gibo v. U.S. Bank National Association* [Dkt 40] | 3 |
| December 31, 2012 | "Plaintiffs' Memorandum In Opposition To Motion by U.S. Bank National Association, Solely In Its Trustee Capacity, To Dismiss First Amended Complaint" in *Gibo v. U.S. Bank National Association* [Dkt 63] | 4 |
| January 18, 2013 | "Inclinations" by Judge Susan Oki Mollway in *Gibo v. U.S. Bank National Association* [Dkt 69] | 5 |
| January 22, 2013 | Transcript of January 22, 2013 Proceedings on U.S. Bank's Motion to Dismiss Complaint, before Judge Susan Oki Mollway in *Gibo v. U.S. Bank.* | 6 |
| February 12, 2013 | "Plaintiffs' Objections To Magistrate-Judge's Recommendations And Findings To Deny Plaintiffs' Motion For An Order Of Remand" in *Gibo v. U.S. Bank.* [Dkt 74] | 7 |
| March 29, 2013 | "Order Adopting In Part The Magistrate Judge's Findings And Adopting Recommendations To Deny Plaintiffs' Motions For An Order Of Remand" in *Lima v. Deutsche* and *Gibo v. US Bank* [Dkt 84] | 8 |

| DATE | DOCUMENT | Exhibit No. |
|------|----------|-------------|
| April 1, 2013 | "Plaintiffs' Memorandum In Opposition To Defendants The Law Office of David B. Rosen, A Law Corporation's And David B. Rosen's Motion to Dismiss Plaintiffs' First Amended Complaint" in *Gibo v. U.S. Bank* [Dkt 85] filed on April 1, 2013. | 9 |
| April 19, 2013 | "Inclinations" by Judge Susan Oki Mollway in *Lima v. Deutsche* and *Gibo v. U.S. Bank* [Dkt 88] | 10 |
| April 22, 2013 | Transcript of April 22, 2013 Proceedings, before Judge Susan Oki Mollway on Motions to Dismiss Complaint by Deutsche Bank and David Rosen in *Lima v. Deutsche Bank* and *Gibo v. U.S. Bank.* | 11 |

## III.    CONCLUSION

For the foregoing reasons, the Rosen Defendants' Motion for Rule 11 Sanctions must be DENIED.

DATED:    Honolulu, Hawai'i  July 25, 2013.

/s/ *Brandee J.K. Faria*
BRANDEE J.K. FARIA
JOHN FRANCIS PERKIN
VAN-ALAN H. SHIMA

Attorneys for Plaintiff DAVID
EMORY BALD and EMILY LELIS,
individually and on behalf of all
others similarly situated