PERKIN & FARIA
JOHN F. PERKIN                 1673
700 Bishop Street, Suite 1111
Honolulu, Hawaii  96813
Tel.  (808) 523-2300

BICKERTON DANG, LLLP
JAMES J. BICKERTON             3085
STANLEY H. ROEHRIG              664
BRIDGET G. MORGAN              8705
745 Fort Street, Suite 801
Honolulu, Hawaii  96813
Tel.  (808) 599-3811

AFFINITY LAW GROUP
VAN-ALAN H. SHIMA              8176
1188 Bishop Street, Suite 3408
Honolulu, Hawaii 96813
Tel.  (808) 545-4600

Attorneys for Plaintiffs

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| LIONEL LIMA, JR., and BARBARA-ANN DELIZO-LIMA; and CALVIN JON KIRBY II individually and on behalf of those similarly situated,<br><br>                Plaintiffs,<br><br>        vs.<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY; THE LAW OFFICE OF DAVID B. ROSEN, A LAW CORPORATION; DAVID B. ROSEN, and Doe DEFENDANTS 1- | Civil No. 12-00509 SOM-RLP (Class Action)<br><br>**PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT; MEMORANDUM IN SUPPORT OF MOTION; DECLARATION OF JAMES J. BICKERTON; EXHIBITS "A" – "D"; CERTIFICATE OF SERVICE** |

50,

                    Defendants.

## PLAINTIFFS' MOTION FOR LEAVE
## TO FILE SECOND AMENDED COMPLAINT

Plaintiffs LIONEL LIMA, JR., and BARBARA-ANN DELIZO-LIMA; and CALVIN JON KIRBY II, individually and on behalf of those similarly situated ("Plaintiffs"), individually and on behalf of all others similarly situated, by and through their attorneys, hereby move this Court for an order granting them leave to file a second amended complaint ("SAC"), which would amend the First Amended Complaint filed on September 6, 2012 (the "Complaint") by (1) adding additional plaintiffs to represent the putative class, (2) adding additional subclasses, and (3) adding factual allegations in support of the claims alleged.  As set forth in the accompanying Memorandum, each of the proposed amendments relates back to the date of the original Complaint pursuant to Rule 15(c) of the Federal Rules of Civil Procedure, and the additional plaintiffs are properly joined under Rule 20(a) of the Federal Rules of Civil Procedure.  This Motion is supported by the Declaration of James J. Bickerton ("Bickerton Decl.") and the entire record and file herein.

A copy of the proposed SAC with Ramseyer formatting to show new material, is attached to the Bickerton Decl. as Exhibit "A" for the Court's ready

reference.  A copy of the SAC without Ramseyer formatting is attached as Exhibit

"B", and a filed copy of the First Amended Complaint is attached as Exhibit "C".

DATED:  Honolulu, Hawaii, March 16, 2018.

/s/ *James J. Bickerton*
JOHN F. PERKIN
JAMES J. BICKERTON
STANLEY H. ROEHRIG
VAN-ALAN SHIMA
BRIDGET G. MORGAN

Attorneys for Plaintiffs
LIONEL LIMA, JR., and BARBARA-
ANN DELIZO-LIMA; and CALVIN
JON KIRBY II individually and on
behalf of those similarly situated

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| LIONEL LIMA, JR., and BARBARA-ANN DELIZO-LIMA; and CALVIN JON KIRBY II individually and on behalf of those similarly situated,<br><br>    Plaintiffs,<br><br>  vs.<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY; THE LAW OFFICE OF DAVID B. ROSEN, A LAW CORPORATION; DAVID B. ROSEN, and Doe DEFENDANTS 1-50,<br><br>    Defendants. | Civil No. 12-00509 SOM-RLP (Class Action)<br><br>**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT** |

## I.      INTRODUCTION

Plaintiffs individually and on behalf of all persons similarly situated, by and through their undersigned attorneys, hereby submit this Memorandum in support of *Plaintiffs' Motion for Leave to File Second Amended Complaint*. The proposed Second Amended Complaint ("SAC"), redline and clean copies of which are attached as Exhibits "A" and "B", (1) adds additional plaintiffs to represent the putative class, (2) adds additional subclasses, (3) adds factual allegations in support of the claims alleged, (4) more clearly separates the common law wrongful foreclosure claim and the claim for unfair and deceptive acts or practices ("UDAP") under HRS Chapter 480 and (5) generally removes or modifies certain allegations in light of the affirmance on appeal of the dismissal of David B. Rosen, individually and in his professional capacity, as a defendant. *See* Dkt. nos. 77, 131.

As discussed below, the proposed amendments relate back to the date of the original Complaint under Fed. R. Civ. P. Rule 15(c)(1), and the proposed additional plaintiffs are properly joined under Fed. R. Civ. P. 20(a).

## I.      BACKGROUND

### A.      Factual Allegations

The claims in this action arise from Defendant Deutsche Bank National Trust Company's ("Deutsche") actions in purporting to exercise the power of sale granted by Plaintiffs and members of the proposed Class to foreclose mortgages

on Hawaii homes owned by said Class members.[1]  By wrongfully exercising that

power without satisfying its conditions, the statutory requirements thereof, and its

common law duties thereunder, Defendant Deutsche breached its duties as the

foreclosing mortgagee.  Plaintiff further alleges that in addition to violating the

power of sale and Hawaii's statutory and common law on non-judicial foreclosure,

that in foreclosing Plaintiffs' mortgages, Deutsche engaged in unfair and/or

deceptive acts and practices under HRS Chapter 480.

More specifically, Deutsche, *inter alia*:

(1)    breached its duty to use good faith efforts to secure the best advantage

for members of the Class in the sale of their properties under the power of sale in

their mortgages, including using terms of sale reasonably calculated to secure the

best possible price at the foreclosure auction of each Class member's property

(alleged in the FAC and SAC);

---

[1] Deutsche has tried to argue that it need only respond to this suit in some "trustee capacity" even though it was sued individually and Hawaii law does not recognize a trustee "veil" or capacity limitation for commercial trustees as it has not adopted the Uniform Trust Code provisions on that point that limit trustees' liability in some other states.  *Compare Biltmore Associates, LLC v. Twin City Fire Ins. Co.,* 572 F.3d 663, 676 (9th Cir. 2009) (noting that common law rule of individual liability was changed by "the Uniform Trust Code, in force in Arizona, [which] provides that the trustee is personally liable only if he is personally at fault for the obligation.") Hawaii's common law still holds that trustees are liable for their torts in their ***individual*** capacity.  *Bald v. Wells Fargo Bank*, No. CIV. 13-00135 SOM/KS, 2013 WL 3864449, at *4. (D. Haw. July 25, 2013), rev'd and remanded on other grounds sub nom. Bald v. Wells Fargo Bank, N.A., 688 F. App'x 472 (9th Cir. 2017).

(2)    breached its duty to offer and auction the properties of the Class members with a warranty of its own authority to sell (alleged in the FAC and SAC);

(3)    breached its duties as the holder of the power of sale when acting in the capacity of a foreclosing mortgagee under power of sale, by offering to sell and convey the properties of members of the Class to the high bidders at auction by a mere quitclaim deed and/or without any covenants or warranties of title (alleged in the FAC and SAC);

(4)    breached its duties by foreclosing after recording and publishing a notice of intention to foreclose ("Notice of Sale") that did not include "a description of the mortgaged property" (a) as required by HRS Section 667-7(a)(1) (2008) and which was "sufficient to inform the public of the nature of the property to be offered for sale" and "calculated to interest purchasers," as required by *Ulrich v. Sec. Inv. Co.*, 35 Haw. 158, 172–73 (1939) (alleged in SAC);

(5)    breached its duties by failing to send the borrower a notice of acceleration required by the standard form mortgage that advised the borrower of the unconditional right to bring a separate suit to stop the sale (alleged in SAC);

(6)    breached its duties by publishing and/or posting the Notice of Sale for less time than required by statute (alleged in SAC);

(7)    caused foreclosure auctions to be postponed without publishing a notice of the new date and time as required by the mortgage terms (alleged in FAC and SAC); and

(8)     engaged in unfair and deceptive acts and practices under HRS Chapter 480 by committing the foregoing acts (alleged in FAC and SAC).

Plaintiff alleges – in the FAC and in the proposed SAC - that the foregoing practices reduced overall market interest in all of Deutsche's non-judicial auctions, thereby injuring Plaintiff and the other members of the putative Class.   Plaintiffs seek to augment this allegation with additional factual allegations that arise from the same conduct which facilitated the same transactions and occurrences alleged in the FAC - the wrongful and unfair and/or deceptive foreclosures of their homes.

### B.     Procedural History

On June 4, 2012, Plaintiffs Lionel and Barbara-Ann Lima ("the Limas") and Calvin Kirby ("Kirby") filed their Complaint in the First Circuit Court for the State of Hawai'i (Civil No 12-1-2310-09).   The Complaint alleged claims for: (a) unfair and deceptive trade practices ("UDAP"); (b) unfair methods of competition ("UMOC");   and   (c)   common-law   wrongful   foreclosure   (the   "Wrongful Foreclosure Claim"), all of which arise from Deutsche's non-judicial foreclosure sales of Plaintiff's homes and the homes of the other members of the putative Class.[2]

---

[2] For example, Paragraph 31 of the original Complaint alleged that: "The foreclosure sale by DEUTSCHE BANK in Plaintiffs' case and in the case of the other members of the Class was contrary to DEUTSCHE BANK's duties under the power of sale and H.R.S. Section 667-5, *was wrongful **<u>and</u> an unfair and deceptive act or practice*** within the meaning of H.R.S. Chapter 480, and DEUTSCHE BANK is therefore liable in damages to Plaintiffs and the Class for all harm caused by said wrongful exercise of the power of sale."

4

Existing Plaintiffs the Limas and Kirby, along with proposed new Plaintiffs Baybado, Salis, Phillips, Ryan, Cabison, Farnham, Weatherly and Clay, and all members of the putative Class, all owned homes in Hawaii that were encumbered by mortgages which, Plaintiffs allege, Deutsche wrongfully, unlawfully, and unfairly and/or deceptively foreclosed through non-judicial foreclosure sales wherein the notice of sale was published on or after June 4, 2008. On September 6, 2012, a First Amended complaint was filed adding the Law Office Of David B. Rosen, A Law Corporation and David B. Rosen individually as Defendants ("the Rosen Defendants").

On September 10, 2012, Deutsche removed the case to this Court; it has thereafter been administered under USDC Case No. 1:12-cv-00509-SOM-RLP.

On October 9, 2012 Deutsche filed a motion to dismiss Plaintiffs' First Amended Complaint. Dkt. #19. The Rosen Defendants filed a similar motion on November 1, 2012. Dkt. #30. The motions to dismiss were granted on April 30, 2013. Dkt. #74. Plaintiffs appealed and the Ninth Circuit issued its decision reversing the dismissal as to Deutsche and affirming it as to the Rosen Defendants on May 11, 2017. Dkt. #131. Since the action was commenced in 2012, several major Hawaii decisions have come down addressing issues concerning wrongful foreclosure claims as well as UDAP claims in the context of wrongful foreclosure:

- *Kekauoha-Alisa v. Ameriquest Mortgage Company, et al. (In re Kekauoha-Alisa)*, 2013 WL 773057 (Bankr. D. Haw. February 27, 2013) February

27, 2013 (mortgagee's failure to give proper notice of postponement rendered non-judicial foreclosure sale invalid, constituted a UDAP under HRS § 480-2, and entitled homeowner to treble damages);

- *Kondaur Capital Corporation v. Matsuyoshi*, 136 Hawaii 227, 361 P.3d 454 (2015) ("*Matsuyoshi*") (reaffirming *Ulrich v. Sec. Inv. Co.*, 35 Haw. 158 (Haw. Terr. 1939), and holding that ***foreclosing mortgagees have a duty "to exercise their*** right to non-judicial foreclosure under a ***power of sale in a manner that is fair, reasonably diligent, and in good faith***, and to demonstrate that an adequate price was procured for the property.") (emphasis added).[3]

- *Santiago v. Tanaka*, 137 Hawaii 137, 366 P.3d 612 (2016) ("*Santiago*") ("Where it is determined that the nonjudicial foreclosure of a property is wrongful, the sale of the property is invalid and voidable at the election of the mortgagor, who shall then regain title to and possession of the property" (citing *Ulrich*, 35 Haw. at 168), or damages when return of possession is not possible). *Id.* at 158;

- *Hungate v. Law Office of David Rosen*, 139 Hawaii 394, 391 P.3d 1 (2017) ("*Hungate*") (holding that a foreclosing mortgagee has "a duty to use fair and reasonable means to conduct the foreclosure sale in a manner that is

---

[3] The *Matsuyoshi* Court made clear that the burden is on the mortgagee when it is the purchaser. *See* 136 Haw. at 240. The vast majority of Deutsche's foreclosures during the Class period were sales to itself as the winning bidder, the proposed SAC makes clear that this *Kondaur* burden to establish compliance with its obligations as the foreclosing mortgagee rests with Deutsche.

conducive to obtaining the best price under the circumstances.") *Id.* at 408.

Shortly after *Hungate*, on May 11, 2017, the Ninth Circuit issued a memorandum opinion on the appeal in this case, affirming the dismissal of the Rosen Defendants and reversing the dismissal of Deutsche.

Since the remand, there has been no discovery conducted and no motions have been filed. Deutsche answered the FAC on August 17, 2017. Dkt. #142. The Court held a Scheduling Conference on July 11, 2017. The Rule 16 Scheduling Order set the jury trial of this matter on October 16, 2018 and then rescheduled it to November 14, 2018. Dkt. #143. The Scheduling Order establishes March 16, 2018 as the deadline to move to amend the pleadings or join additional parties. Dkt. #139. There are no dispositive motions currently pending and this is Plaintiffs' first request to amend in this Court.

## II.    SUMMARY OF PROPOSED AMENDMENTS

### A.    Proposed Additional Plaintiffs and Additional Subclasses

Plaintiffs propose to add the following additional plaintiffs to represent the putative Class: LENEEEN BAYBADO, DEIRDRE-DAWN K. CABISON, JAMES C. CLAY, SCOTT A. CORYEA, KATHERYN CORYEA, RICHARD H. FARNHAM, NANCY L. FARNHAM, TIMOTHY RYAN, DONNA RYAN, KANIALA SALIS, and BRIAN S. WEATHERLY (collectively, the "Proposed Plaintiffs"). As set forth in the SAC, each of these Proposed Plaintiffs owned real property in Hawaii that was foreclosed by Deutsche, as mortgagee, under a power

7

of sale wherein the notice of sale was published on or after June 8, 2008.

Plaintiffs seek to join the Proposed Plaintiffs to ensure that the putative Class is

adequately and fairly represented.  The putative Class consists of:

> All consumers within the meaning of H.R.S. Chapter 480 who owned real property in Hawaii and who were subjected to a notice of foreclosure sale under H.R.S. § 667-5 by or on behalf of DEUTSCHE BANK claiming the rights of a mortgagee with a power of sale wherein the notice of sale was published on or after June 4, 2008, and with respect to said notice of sale DEUTSCHE BANK:
>
> (a)    advertised the sale as being the sale of a quitclaim deed or equivalent; and
>
> (b)    caused the sale or transfer of the property as a proximate result of the notice of sale.

The proposed SAC also adds the following Subclasses:

> Subclass ("*Subclass A*") consisting of:
>
> all members of the Class whose non-judicial auction sale was not held on both the date and location specified in the original published notice (i.e., either or both the date and/or location were changed), without one or more of the following conditions being satisfied (a) publication of the notice of the changed date or location in three successive weeks; (b) publication of a notice stating the new date and time for the sale at least 29 days after the first publication of such notice.[4]

At least half of all members of the Class fall into Subclass "A".

> Subclass "B" ("*Subclass B*") consisting of:

---

[4] The FAC alleged a similar subclass, defined slightly more narrowly, but subsequent research ascertained that a number of class members had the auction *location* changed without a new publication.  The FAC subclass was defined as "All members of the Class whose non-judicial auction sale was not held at a date and time specified in any published notice."

> All members of the Class whose Notice of Sale was published or posted for less time before the proposed auction date than required for such publishing or posting by HRS Chapter 667, Part I.

At least 100 members of the Class fall into Subclass "B".

> Subclass "C" ("**Subclass C**") consisting of:

> All members of the Class whose Notice of Sale contained no "description" of the property within the meaning of HRS Section 667-7(a)(1) or only a "metes and bounds" description of the land.

Plaintiffs believe and on information and belief allege that the vast majority of members of the Class fall into Subclass "C".

> Subclass "D" ("**Subclass D**") consisting of:

> All members of the Class who received a notice of acceleration that did not inform them of their unconditional right to bring a separate court action to stop the sale.

Plaintiffs believe and on information and belief allege that the vast majority of members of the Class fall into Subclass "D".

As alleged in the proposed SAC, the Proposed Plaintiffs will ensure that both the Class and Subclasses are all fairly and adequately represented.

> **B.     Proposed Additional Factual Allegations**

The proposed SAC also seeks to add additional particularized factual allegations to illustrate in greater detail the manner in which Deutsche intentionally, knowingly, recklessly, and/or with conscious disregard for Plaintiffs' rights, created a non-judicial foreclosure system whose combined and cumulative effect substantially reduced competition between the Bank and bidders

9

at non-judicial auctions for the purpose of allowing Deutsche to (a) purchase foreclosure properties cheaply on "credit bid," with no or minimal competition from prospective third-party bidders, for later resale at higher prices and/or (b) to earn additional fees and profits beyond its ordinary servicing fees.

## III.   LEGAL STANDARD

Plaintiffs seek leave to amend the Complaint pursuant to Fed. R. Civ. P. Rule 15(a)(2), which provides:

> (2) Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. ***The court should freely give leave when justice so requires.***

FRCP R. 15(a)(2) (emphasis added). The Rule "is to be applied with extreme liberality" in favor of permitting amendments (*see Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1050 (9th Cir. 2003)):

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, *etc.*—the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962).

### A.   The Relief Sought Should Be Granted in Light of the Liberal Standard for Permitting Amendments.

In light of *Foman*, the Ninth Circuit identifies "five factors to be considered

10

in assessing the propriety of leave to amend—bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *United Bhd. of Carpenters & Joiners of Am. v. Bldg. & Constr. Trades Dep't*, 770 F.3d 834, 845 (9th Cir. 2014) (quotations omitted). Because none of those factors is present here, the Motion should be granted.

## B.    The Proposed Amendments Will Not Prejudice Deutsche.

"Prejudice is the 'touchstone of the inquiry under [R]ule 15(a)'" and "carries the greatest weight." *Eminence Capital*, 316 F.3d at 1052. Because the standard is "***undue*** prejudice to the opposing party" (*Foman*, 371 U.S. at 182 (emph. added)), leave to amend may be denied if the new claim would:

> (i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction.

*Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993). "Bald assertions of prejudice cannot overcome the strong policy reflected in Rule 15(a) to 'facilitate a proper disposition on the merits.'" *See Hurn v. Retirement Fund Trust of Plumbing, Heating & Piping Indus.*, 648 F.2d 1252, 1254 (9th Cir. 1981).

Deutsche "bears the burden of showing prejudice." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). That burden cannot be met here with respect to the Proposed Plaintiffs, the additional Subclasses, or the new factual allegations. Regarding the Proposed Plaintiffs, the factual allegations underlying

of the UDAP, UMOC, and Wrongful Foreclosure claims are identical to those supporting Plaintiffs' identical claims alleged in the FAC, as those claims still turn on Deutsche's violations of HRS §§ 667-5 *et seq.* (2008), and its breaches of the power of sale in Plaintiffs' mortgages, Hawaii's common law on wrongful foreclosure, and Hawaii's consumer protection statutory scheme.

Given the factual overlap, the proposed amendments will not "greatly alter[] the nature of the litigation" or compel Deutsche to mount "an entirely new course of defense." *See Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). For similar reasons, neither the addition of plaintiffs nor the factual allegations will not "require [Deutsche] to expend significant additional resources to conduct discovery and prepare for trial." *See Block*, 988 F.2d at 350. Rather, Deutsche "should be fully prepared to litigate the substantive issues" touched by both the FAC and the SAC inasmuch as "[t]he operative facts remain the same[.]" *See Hurn*, 648 F.2d at 1254.

Moreover, the FAC "gave [Deutsche] fair notice of the [additional] facts supporting" the new subclasses and more detailed factual allegations about Deutsche's overall non-judicial foreclosure system (*see Hall v. City of L.A.*, 697 F.3d 1059, 1073 (9th Cir. 2012)), because Plaintiffs' FAC plausibly alleged that a number of Deutsche's alleged foreclosure practices caused them to wrongfully lose the equity in their homes and prematurely deprived them of possession. *See In re Gibbs*, 522 B.R. at 294-295 (discussing Complaint).

12

Further, allowance of the proposed amendments will expose no "specific shortcomings in [the] discovery" Deutsche has already conducted (*see Hurn*, 648 F.2d at 1254), or demand "significant additional resources to conduct discovery and prepare for trial." *See Block*, 988 F.2d at 350. And because the discovery deadline under the current Scheduling Order is still five months away, Deutsche cannot argue that it is "impaired [in] its ability to defend against the suit or . . . unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would [otherwise] have offered[.]" *See Arthur v. Maersk, Inc.*, 434 F.3d 196, 206 (3d Cir. 2006).

### C.     The Proposed Amendments Are Not Futile.

The next *Foman* factor is "futility of amendment." "[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Sweaney v. Ada County*, 119 F.3d 1385, 1393 (9th Cir. 1997). Here, "futility" cannot be shown because (a) the statute of limitations for the Proposed Plaintiffs was tolled as of the filing of the Complaint and thus allows relation back[5], and (b) the substantive amendments relate back to the date of the original Complaint.

### D.     None of the Other *Foman* Factors is Present.

---

[5] *See, e.g. Griggs v. Pace American Group, Inc.*, 170 F.3d 877, 881 (9th Cir. 1999) (citing *American Pipe and Construction Co. v. Utah*, 414 U.S. 538, 94 S.Ct. 756, 38 L.Ed.2d 713 (1974)). Moreover, and even more significantly, permissive joinder of the Proposed Plaintiffs is proper, as discussed below.

The remaining *Foman* factors are bad faith, undue delay, and repeated attempts at amendment. *United Bhd. of Carpenters*, 770 F.3d at 845. Preliminarily, "[a]bsent prejudice, or a ***strong showing*** of any of the remaining *Foman* factors, there exists a ***presumption*** under Rule 15(a) in favor of granting leave to amend." *Eminence Capital*, 316 F.3d at 1052 (emphasis added). Here, the remaining *Foman* factors are either absent (Plaintiff, having defeated Deutsche's Rule 12(b)(6) motion, has not repeatedly sought leave to amend), or lack the heft necessary to overcome the "extreme liberality" of Rule 15(a)'s application. *See Eminence Capital*, 316 F.3d at 1051. Put simply, Deutsche cannot mount a "strong showing" of either "bad faith" or "undue delay" because Plaintiffs' proposed new claims and factual allegations are "not frivolous" (*see Eminence Capital*, 316 F.3d at 1053 (bad faith)), and are offered within the deadline to amend the Complaint (undue delay). *Cf. Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999) (undue delay where motion to amend filed after stipulated deadline to amend pleadings).

## IV.   PERMISSIVE JOINDER OF THE PROPOSED ADDITIONAL PLAINTIFFS IS PROPER UNDER HRCP RULE 20(a)

Joinder herein by the Proposed Plaintiffs is proper because they assert a right to relief "with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," that is, the conduct of Deutsche that culminated in the wrongful and unfair or deceptive foreclosure of Plaintiffs' homes. HRCP 20(a).  As set forth in the FAC and in the proposed SAC, several

common legal and factual questions will arise in this case.  *See, e.g.* Exhibit "B" at ¶30 *et seq.*

## V.  PERMITTING THE PROPOSED SAC WOULD BE CONSISTENT WITH THE COURT'S ORDER IN *BALD V. WELLS FARGO,* CIVIL NO. 13-00135.

On November 20, 2017, the Honorable Kevin S.C. Chang issued an *Order Granting Plaintiffs' Motion for Leave to File First Amended Complaint* in the class action matter *Bald v. Wells Fargo Bank, N.A,* a copy of which is attached as Exhibit "D".  By that Order, the Court granted Plaintiff Bald leave to make amendments that are substantially similar to those which Plaintiffs wish to make here.[6]

## VI.  CONCLUSION

For the foregoing reasons, *Plaintiffs' Motion for Leave to File Second Amended Complaint* should be GRANTED.

DATED:  Honolulu, Hawaii, March 16, 2018.

/s/ *James J. Bickerton*
JOHN F. PERKIN
JAMES J. BICKERTON
STANLEY H. ROEHRIG
VAN-ALAN SHIMA
BRIDGET G. MORGAN

Attorneys for Plaintiffs

---

[6] A similar motion remains under advisement and stayed without decision in *Degamo v. Bank of America, N.A.,* CV 13-00141 DKW-KJM.

15

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| LIONEL LIMA, JR., and BARBARA-ANN DELIZO-LIMA; and CALVIN JON KIRBY II individually and on behalf of those similarly situated,<br><br>        Plaintiffs,<br><br>    vs.<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY; THE LAW OFFICE OF DAVID B. ROSEN, A LAW CORPORATION; DAVID B. ROSEN, and Doe DEFENDANTS 1-50,<br><br>        Defendants. | Civil No. 12-00509  SOM-RLP (Class Action)<br><br>**DECLARATION OF JAMES J. BICKERTON** |

## <u>DECLARATION OF JAMES J. BICKERTON</u>

I, JAMES J. BICKERTON, do hereby state and declare as follows:

1.     I am licensed to practice law in the State of Hawaii and am one of the attorneys for Plaintiffs LIONEL LIMA, JR., and BARBARA-ANN DELIZO-LIMA; and CALVIN JON KIRBY II individually and on behalf of those similarly situated ("Plaintiffs").

2.     I make this declaration based on my personal knowledge and am competent to testify to the matters set forth herein.

3.     Attached as <u>Exhibit "A"</u> is a true and accurate copy of the proposed Second Amended Complaint ("SAC"), with Ramseyer formatting to show new material.

4.     Attached as <u>Exhibit "B"</u> is a true and accurate copy of the SAC without Ramseyer Formatting.

5.     Attached as <u>Exhibit "C"</u> is a true and accurate copy of the First Amended Complaint.

6.     Attached as <u>Exhibit "D"</u> is a true and accurate copy of the Court's *Order Granting Plaintiff's Motion for Leave to File First Amended Complaint,* filed on November 20, 2017 in the matter *Bald v. Wells Fargo, N.A.*, Civil No. 13-00135.

I hereby declare under penalty of perjury that the foregoing statements are true and correct.

DATED:  Honolulu, Hawaii, March 16, 2018.

/s/ *James J. Bickerton*
JAMES J. BICKERTON
