IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LIONEL LIMA, JR., ET AL., | ) CIVIL NO. 12-00509 SOM-RLP |
| Plaintiffs, | ) ORDER GRANTING PLAINTIFFS'<br>) MOTION FOR LEAVE TO FILE SECOND |
| vs. | ) AMENDED COMPLAINT |
| DEUTSCHE BANK NATIONAL TRUST<br>COMPANY, ET AL., | ) |
| Defendants. | ) |

ORDER GRANTING PLAINTIFFS' MOTION FOR
LEAVE TO FILE SECOND AMENDED COMPLAINT

Before the Court is Plaintiffs Lionel Lima, Jr., Barbara-Ann Delizo-Lima, and Calvin Jon Kriby II's, individually and on behalf of all others similarly situated, Motion for Leave to File Second Amended Complaint, filed on March 16, 2018 ("Motion").  ECF No. 144.  Defendant Deutsche Bank National Trust Company ("Defendant Deutsche"), filed its Opposition to the Motion on April 13, 2018.  ECF No. 152.  Plaintiffs filed their Reply on April 30, 2018.  ECF No. 158.  With leave of Court, Defendant Deutsche filed a sur-reply on May 24, 2018.  ECF No. 176.  Plaintiffs filed their response to the sur-reply on May 31, 2018.  ECF No. 178.  The Court found this matter suitable for disposition without a hearing pursuant to Local Rule 7.2(d).  ECF No. 145.  After carefully reviewing the submissions of the parties and the relevant legal authority, the Court GRANTS the Motion.

BACKGROUND

This dispute arises from alleged conduct relating to the nonjudicial foreclosure of properties owned by Plaintiffs. Plaintiffs contend that Defendant Deutsche and Defendants The Law Office of David B. Rosen and David B. Rosen ("Rosen Defendants") violated Hawaii Revised Statues Section 480-2, which prohibits "unfair or deceptive acts or practices in the conduct of any trade or commerce." ECF No. 1-1 at 13-14; Haw. Rev. Stat. § 480-2.

On June 4, 2012, Plaintiffs filed their original Complaint. See ECF No. 1. Plaintiffs filed their First Amended Complaint on September 6, 2012. ECF No. 14-7. Defendant Deutsche removed the action on September 10, 2012. Id. On October 9, 2012, Defendant Deutsche filed a motion to dismiss. ECF No. 19. The Rosen Defendants filed a similar motion on November 1, 2012. ECF No. 30. Both motions to dismiss were granted on April 30, 2013. ECF No. 74. Plaintiffs appealed. On May 11, 2017, the Ninth Circuit reversed the dismissal order as to Defendant Deutsche and affirmed it as to the Rosen Defendants. ECF No. 131.

The court issued a scheduling order on July 11, 2017, and set March 16, 2018, as the deadline to file motions for leave to amend the pleadings or add parties. See ECF No. 139. Trial is set to begin on November 14, 2018. See ECF No. 143. The

dispositive motions deadline passed on May 16, 2018.  See ECF No. 139.  The discovery deadline is August 17, 2018.  Id.

Plaintiffs now move to amend their Complaint to add additional plaintiffs to represent the putative class; add additional subclasses; add factual allegations in support of the claims alleged; more clearly separate the common law wrongful foreclosure claim and the claim for unfair and deceptive acts or practices ("UDAP") under Chapter 480; and remove/modify certain allegations in light of the dismissal of the Rosen Defendants.  See ECF No. 144 at 1.  Defendant Deutsche argues that the Motion should be denied because Plaintiffs unduly delayed seeking amendment, the amendments will prejudice Defendants, and Plaintiffs' new claims are futile.  See ECF No. 152 at 7-8.

## DISCUSSION

Under Rule 15(a)(2) "a party may amend its pleading only with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).  Rule 15(a)(2) states that leave to amend should be freely given when justice so requires.  Id.  Whether to grant leave to amend is within the court's discretion.  Foman v. Davis, 371 U.S. 178, 182 (1962).  In determining whether to grant leave to amend, courts consider several factors including undue delay, whether the opposing party will be prejudiced, futility of the amendment, and bad faith by the movant.  Id.  The Court addresses the arguments raised by

Defendant Deutsche against Plaintiffs' proposed amendments below.

**A. Undue Delay**

In determining whether to grant a motion for leave to amend, the Court can consider whether Plaintiffs unduly delayed in filing their motion. Jackson v. Bank of Haw., 902 F.2d 1385, 1388 (9th Cir. 1990). "Late amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action." Royal Ins. Co. of Am. v. Sw. Marine, 194 F.3d 1009, 1016-17 (9th Cir. 1999) (internal quotation marks omitted). "Relevant to evaluating the delay issue is whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." Jackson, 902 F.2d at 1388; Jordan v. County of L.A., 669 F.2d 1311, 1324 (9th Cir. 1982), vacated on other grounds, 459 U.S. 810 (1982).

Here, Defendant Deutsche argues that Plaintiffs unduly delayed in seeking amendment because this action has been pending for almost six years and Plaintiffs could have asserted the proposed new amendments earlier. See ECF No. 152 at 30-33. In their Reply, Plaintiffs note that this case was stayed for more than four years pending appeal and the amendments are timely under the Scheduling Order. ECF No. 158 at 2, 7. The Court finds that Plaintiffs have not unreasonably delayed in seeking leave to amend. Although this action has been pending for some

time, it is still in the early stages of discovery.  Even if Plaintiffs should have known the facts underlying the proposed amendments earlier, the Court does not find that this is a sufficient reason to deny amendment.  See Bowles v. Reade, 198 F.3d 752, 758 (9th Cir. 1999) (stating that undue delay by itself is insufficient to justify denying a motion to amend). Plaintiffs' Motion was timely under the Scheduling Order, trial is not set until November 14, 2018, and discovery does not close until August 17, 2018.  In light of these circumstances, the Court finds that Plaintiffs' Motion was timely.

**B. Prejudice**

"Prejudice to the opposing party is the most important factor." Jackson, 902 F.2d at 1387 (citing Zenith Radio Corp. v. Hazeltine Research Inc., 401 U.S. 321, 330–31 (1971) (court required to take potential prejudice into account in deciding Rule 15(a) motion); and 6 C. Wright, A. Miller & M. Kane, Federal Practice and Procedure: Civil 2d § 1487 (1990)).  Defendant Deutsche argues that the proposed amendments will result in prejudice because they will greatly expand the scope of the case and necessitate additional discovery.  ECF No. 152 at 7-22.  The Court is unpersuaded by Defendant Deutsche's arguments that allowing the proposed amendments will result in prejudice.  As noted above, while this case has been pending for some time, much of that time was spent awaiting appeal.  Procedurally, the

5

parties are back to a relatively early stage of this litigation. The parties did not begin to conduct discovery until March 2018, and this is Plaintiffs' first request to amend in this Court. Based on these considerations, the Court finds that Defendant Deutsche will not be prejudiced if Plaintiffs are permitted to amend.

**C.   Futility**

An amendment is futile if "no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988).  Defendant Deutsche argues that Plaintiffs' proposed amendments are futile because they are time-barred and they do not relate back to the original complaint.  ECF No. 152 at 22-30.  The Court finds that Defendant Deutsche's arguments are insufficient to prevent amendment and are more appropriately reserved for future motions.  See Bald v. Wells Fargo Bank, N.A., Civil No. 13-00135 SOM-KSC, Dkt. No. 97 at *5 (D. Haw. November 20, 2017) (finding similar additional allegations not futile for purposes of amendment).  Defendant Deutsche has failed to show that there is no set of facts that could be proved to support the proposed class action allegations. Accordingly, the Court finds that Plaintiffs' proposed amendments are not futile.

CONCLUSION

The Court GRANTS Plaintiffs' Motion for Leave to File Second Amended Complaint. Plaintiffs may file an amended complaint in accordance with this Order no later than June 20, 2018.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, JUNE 14, 2018.



Richard L. Puglisi
United States Magistrate Judge

**LIMA V. DEUTSCHE BANK NATIONAL TRUST COMPANY, ET AL.; CIVIL NO. 12-00509 SOM-RLP; ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**