MORGAN, LEWIS & BOCKIUS LLP
BERNARD J. GARBUTT III, admitted *pro hac vice*
GRANT MACQUEEN, admitted *pro hac vice*
101 Park Avenue
New York, New York 10178
Telephone: (212) 309-6000
E-mail: bernard.garbutt@morganlewis.com

MEGAN A. SUEHIRO #9582-0
300 South Grand Avenue, Twenty-Second Floor
Los Angeles, California 90071
Telephone: (213) 612-2500
E-mail: megan.suehiro@morganlewis.com

CHUN KERR LLP
ANDREW V. BEAMAN #2914-0
First Hawaiian Center
999 Bishop Street, Suite 2100
Honolulu, Hawaii 96813
Telephone: (808) 528-8200
E-mail: abeaman@chunkerr.com

Attorneys for Defendant Deutsche
Bank National Trust Company, as trustee

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LIONEL LIMA, JR., et al.,<br><br>　　　　　　　Plaintiffs,<br><br>　vs.<br><br>DEUTSCHE BANK NAT'L TRUST CO., et al.,<br><br>　　　　　　　Defendants. | NO. 1:12-cv-00509-SOM-RLP<br><br>**DECLARATION OF**<br>**BERNARD J. GARBUTT III** |

## DECLARATION OF BERNARD J. GARBUTT III

I, BERNARD J. GARBUTT III, do hereby declare under penalty of perjury as follows:

1.  I am a partner with the law firm of Morgan, Lewis & Bockius LLP, counsel for defendant Deutsche Bank National Trust Company, as trustee (the "Trustee"). I am an attorney admitted to practice in the State and Federal Courts of New York. I am admitted in this action *pro hac vice*. I make this declaration based upon my own knowledge, publicly-available documents, and all prior papers and proceedings had herein. I am familiar with all prior papers and proceedings herein. This Declaration is offered in support of the "Motion of Defendant Deutsche Bank National Trust Company, as Trustee, to Dismiss Second Amended Complaint," dated February 15, 2019.

2.  Purely for the Court's convenience, attached as exhibits hereto are certain documents that have already been filed with the Court, and are available on the docket herein.[1]

---

[1] Plaintiffs' prior judicial admissions and admissions against interest (including the documents they have proffered in support of their claims), in their pleadings and other papers herein, are dispositive of the facts set forth therein <u>as against Plaintiffs only</u>. None of these admissions or documents constitute admissible evidence <u>as against the Trustee</u>.

3. Attached hereto as Exhibit "A" is a copy of a document entitled "Adjustable Rate Note," dated October 25, 2005, that the Trustee filed herein at Dkt.#44-5.

4. Attached hereto as Exhibit "B" is a copy of a document entitled "Declaration of James J. Bickerton," dated January 7, 2012, that Plaintiffs filed herein at Dkt.#52-2 (the "1/7/2012 Bickerton Decl.").

5. Attached hereto as Exhibit "C" is a copy of a document entitled "Mortgage," dated October 25, 2005, that Plaintiffs filed herein at Dkt.#52-5. This document was submitted as Exhibit "3" to the 1/7/12 Bickerton Decl., ¶5.

6. Attached hereto as Exhibit "D" is a copy of a document entitled "Mortgagee's Affidavit of Foreclosure Sale Under Power of Sale," dated May 26, 2009, that Plaintiffs filed herein at Dkt.#52-8. This document was submitted as Exhibit "6" to the 1/7/12 Bickerton Decl., ¶8.

7. Attached hereto as Exhibit "E" is a copy of a document entitled "Limited Warranty Deed," dated May 21, 2009, that Plaintiffs filed herein at Dkt.#52-9. This document was submitted as Exhibit "7" to the 1/7/12 Bickerton Decl., ¶9.

8. Attached hereto as Exhibit "F" is a copy of a document entitled "PLAINTIFF'S APPELLANTS OPENING BRIEF," dated October 4, 2013, in

Lima v. Deutsche Bank National Trust Co., No. 13-16091 (9th Cir.), that Plaintiffs filed therein at Dkt.#14-1, and that the Trustee filed herein at Dkt.#188-40.

9.      Attached hereto as Exhibit "G" is a document entitled "The Trustee's Role in Asset-Backed Securities," dated November 9, 2010, available at https://www.aba.com/aba/documents/press/RoleoftheTrusteeinAsset-BackedSecuritiesJuly2010.pdf, that the Trustee filed herein at Dkt.#19-9. This document was submitted as Exhibit "F" to the Declaration of Andrew V. Beaman, dated October 9, 2012, ¶7.

10.     Attached hereto as Exhibit "H" is a true and correct copy of a "Determination of No Reasonable Cause" in Nat'l Fair Housing Alliance v. U.S. Bank N.A., No. 01-12-0238-8 (HUD Jan. 8, 2016).

11.     Attached hereto as Exhibit "I" is a true and correct copy of a document entitled "ORDER GRANTING DEFENDANTS CIT BANK, N.A., F/K/A ONEWEST BANK N.A., FSB AND FEDERAL NATIONAL MORTGAGE ASSOCIATION'S MOTION TO DISMISS FIRST AMENDED COMPLAINT FILED ON OCTOBER 17, 2016, dated January 18, 2017, in Guzman v. CIT Bank, N.A., No. 16-1-0405-1-1 (Haw. C.C.), together with a true and correct copy of a document entitled "TRANSCRIPT OF PROCEEDINGS ON APPEAL" on November 22, 2016, in Guzman.

12. Attached hereto as Exhibit "J" is a true and correct copy of a document entitled "ORDER GRANTING DEFENDANTS NATIONSTAR MORTGAGE LLC AND FEDERAL NATIONAL MORTGAGE ASSOCIATION'S MOTION FOR JUDGMENT ON THE PLEADINGS OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT, FILED NOVEMBER 22, 2016," dated January 9, 2017, in <u>Delapinia v. Nationstar Mortg. LLC</u>, No. 16-1-0432-1 (Haw. C.C.), together with a true and correct copy of a document entitled "TRANSCRIPT OF ELECTRONICALLY RECORDED PROCEEDINGS ON APPEAL" on December 15, 2016, in <u>Delapinia</u>.

13. Attached hereto as Exhibit "K" is a true and correct copy of a document entitled "ORDER GRANTING DEFENDANTS CIT BANK, N.A., F/K/A ONEWEST BANK N.A., F/K/A ONEWEST BANK, FSB AND OWB REO LLC'S MOTION TO DISMISS COMPLAINT FILED ON NOVEMBER 3, 2016," dated March 22, 2017, in <u>Fischer v. CIT Bank N.A.</u>, No. 16-1-0564-1 (Haw. C.C.), together with a true and correct copy of a document entitled "TRANSCRIPT OF PROCEEDINGS ON APPEAL" on February 2, 2017, in <u>Fischer</u>.

14. Attached hereto as Exhibit "L" is a true and correct copy of a document entitled "Voluntary Petition," dated September 15, 2010, that was filed

in <u>In re Richard Hunt Farnham and Nancy Lee Farnham</u>, No. 10-02849 (Bankr. D. Haw.), at Dkt.#1.

15. Attached hereto as Exhibit "M" is a true and correct copy of a document entitled "Voluntary Petition," dated May 13, 2011, that was filed in <u>In re Kaniala Salis</u>, No. 11-01345 (Bankr. D. Haw.), at Dkt.#1.

16. Attached hereto as Exhibit "N" is a true and correct copy of a document entitled "Voluntary Petition," dated August 20, 2009, that was filed in <u>In re Brian Scott Weatherly</u>, No. 09-09126 (Bankr. D. Haw.), at Dkt.#1.

17. The Trustee requests that the Court take judicial notice of the "Voluntary Petitions" attached hereto as Exhibits L-N.  Judicial notice, governed by Rule 201 of the Federal Rules of Evidence, permits a court to take judicial notice of adjudicative facts not subject to reasonable dispute.  <u>United States v. Chapel</u>, 41 F.3d 1338, 1342 (9th Cir. 1994).  Judicial notice is properly taken of proceedings in other courts if those proceedings have a direct relation to the matters at issue.  <u>United States v. Raygoza-Garcia</u>, 902 F.3d 994, 1001 (9th Cir. 2018) ("A court may take judicial notice of undisputed matters of public record, which may include court records available through PACER."); <u>see</u> <u>also</u> <u>Tierney v. Atkins</u>, No. 12-cv-308-SOM-KSC, 2012 WL 2021373, *2 n.3 (D. Haw. June 4, 2012) ("The court takes judicial notice of these actions" contained in party's PACER filings, including "Plaintiff's claims for relief therein").

18. Judicial notice is appropriate in this action because Plaintiffs' "Voluntary Petitions" were filed in bankruptcy proceedings and are relevant to evaluating the matters at issue, namely whether Plaintiffs' claims herein are barred.

I, BERNARD J. GARBUTT III, do declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated: February 15, 2019.

                                                     */s/ BERNARD J. GARBUTT III*
                                                     BERNARD J. GARBUTT III