BERNARD J. GARBUTT III, admitted *pro hac vice*
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, New York 10178
Telephone: (212) 309-6000
E-mail: bernard.garbutt@morganlewis.com

Attorneys for Defendant
Deutsche Bank National Trust Company, as trustee

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| LIONEL LIMA, JR., et al.,<br><br>                    Plaintiffs,<br><br>vs.<br><br>DEUTSCHE BANK NAT'L TRUST CO., et al.,<br><br>                    Defendants. | No. 1:12-cv-00509-SOM-RLP<br><br>**DECLARATION OF BERNARD J. GARBUTT III IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OF DEFENDANT DEUTSCHE BANK NAT'L TRUST CO., AS TRUSTEE** |

**DECLARATION OF BERNARD J. GARBUTT III**

I, BERNARD J. GARBUTT III, do hereby declare under penalty of perjury as follows:

1. I am an attorney with the law firm of Morgan, Lewis & Bockius LLP, counsel for defendant Deutsche Bank National Trust Company ("DBNTC"), as trustee (the "Trustee"). I am an attorney admitted to practice in the State and Federal Courts of New York. I am admitted in this action pro hac vice. I make this declaration based upon my own knowledge, publicly-available documents,

documents and/or information from DBNTC, and all prior papers and proceedings had herein. I am familiar with all prior papers and proceedings herein. This declaration is offered in support of the "Motion for Summary Judgment of Defendant Deutsche Bank National Trust Company, as Trustee," dated February 15, 2019, Dkt.#238.[1]

2. Attached hereto as Exhibit "1" is a true and correct copy of the Affidavit of Ronaldo R. Reyes, sworn to March 18, 2019.

3. Attached hereto as Exhibit "2" is a true and correct copy of highlighted excerpts from the transcript of Plaintiffs' deposition of the Trustee pursuant to FRCP 30(b)(6), sworn to February 8, 2019.

4. For the Court's convenience, attached hereto as Exhibit "3" is a true and correct copy of a document entitled "Plaintiffs-Appellees' Answering Brief," dated June 3, 2014, in Lima v. Deutsche Bank National Trust Co., 13-cv-17420 (9th Cir.), that was filed by Plaintiffs therein at Dkt.#18-1.

5. For the Court's convenience, attached hereto as Exhibit "4" is a true and correct copy of a portion of the legislative history for the 2008 amendment to

---

[1] Unless otherwise stated, capitalized terms shall have the meanings assigned in the "Memorandum of Law in Support of Motion for Summary Judgment of Defendant Deutsche Bank National Trust Company, as Trustee" dated February 15, 2019, Dkt.#238-1, and the Declaration of Ronaldo R. Reyes submitted therewith. Dkt.#239-1.

HRS §667-5(a), which was previously submitted by Plaintiffs and can also be found at Dkt.#17-9.

6. For the Court's convenience, attached hereto as Exhibit "5" is a true and correct copy of excerpts of the HVMLT 2006-SB1 Trust PSA, other excerpts of which were previously submitted by the Trustee and can be found at Dkt.#239-24, also available at

https://www.sec.gov/Archives/edgar/data/1376307/000114420406047379/v057328_ex4-1.htm.

7. For the Court's convenience, attached hereto as Exhibit "6" is a true and correct copy of excerpts of the HVMLT 2006-5 Trust PSA, other excerpts of which were previously submitted by the Trustee and can be found at Dkt.#239-30, also available at

https://www.sec.gov/Archives/edgar/data/1365483/000116231806001109/exhibit41.htm.

8. For the Court's convenience, attached hereto as Exhibit "7" is a true and correct copy of excerpts from the Fannie Mae servicing standards, Fannie Mae, Fannie Mae 2010 Servicing Guide Update Part VII and Part VIII (2010), also available at https://www.fanniemae.com/content/guide/svc042810.pdf, specifically Section 610.03.10, "Compliance with Applicable Laws," p. 706-80 (found at

p. 212 of the PDF), & "Chapter 1. Foreclosures," p. 801-1 (found at p. 267 of the PDF).

9. For the Court's convenience, attached hereto as Exhibit "8" is a true and correct copy of excerpts from the Freddie Mac servicing standards, Freddie Mac, Single-Family Seller/Servicer Guide (2010), also available at http://www.freddiemac.com/singlefamily/guide/bulletins/pdf/2010Guide.pdf, specifically Section 22.28 "Compliance with law," p. 22-27 (found at p.412 of the PDF).

**ERRATA**

10. Attached hereto as Exhibit "9" is a true and correct copy of highlighted excerpts from the transcript of the deposition of Kaniala Salis, sworn to August 13, 2018. A different set of excerpts of this transcript were previously submitted to the Court at Dkt.#239-81, and certain pages were inadvertently omitted from that set of excerpts. Those pages are included in the set of excerpts attached hereto as Exhibit "9."

11. Attached hereto as Exhibit "10" is a true and correct copy of excerpts of the NCHET 2005-C Trust PSA. A different set of excerpts of this PSA were previously submitted to the Court at Dkt.#239-94, and certain pages were inadvertently omitted from that set of excerpts. Those pages are included in the set of excerpts attached hereto as Exhibit "10." This PSA is available at

https://www.sec.gov/Archives/edgar/data/1346044/000088237705003667/d404260-psa.htm.

**RESPONSE TO PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE**

12.     In the "Declaration of James J. Bickerton," dated March 11, 2019, Dkt.#248-11 ("Bickerton Decl."), Plaintiffs make a request for judicial notice of certain documents (attached thereto and otherwise) (see, e.g., id., ¶¶12-13), and cite this Court's decision in Agustin v. PNC Fin. Servs. Grp., 707 F.Supp.2d 1080, 1085-86 (D.Haw. 2010) in support.

13.     The Court should deny Plaintiffs' request for the following reasons.

14.     The doctrine of judicial notice is inapplicable here because any judicial notice of the documents is limited to taking judicial notice of the existence and filing of these documents, not the truth of any matter asserted within them. See N.D. v. State of Hawaii Dept. of Educ., 600 F.3d 1104, 1113 n.7 (9th Cir. 2010) ("Judicial notice is **only** appropriate for matters 'generally known within the territorial jurisdiction of the [ ] court' or 'capable of accurate and ready determinations by resort to sources whose accuracy cannot reasonably be questioned.") (quoting Jespersen v. Harrah's Op. Co., Inc., 444 F.3d 1104, 1110 (9th Cir. 2006) (en banc)); see also Reusser v. Wachovia Bank, N.A., 525 F.3d 855, 858 n.3 (9th Cir. 2008) ("Because the accuracy of the declaration is subject to reasonable dispute, we decline to take judicial notice of such declaration.") (citing

Santa Monica Food Not Bombs v. City of Santa Monica, 450 F.3d 1022, 1025 n.2 (9th Cir. 2006)); Sharipoff v. Jason Myers (Sheriff), 2019 WL 118404, *2 (D. Or. Jan. 7, 2019) (denying plaintiff's request to take judicial notice of "the contents of affidavits" because those contents "do not rise to the high degree of indisputability required for judicial notice" and "are subject to appropriate hearsay objections"); Renfroe v. Quality Loan Serv. Corp. of Washington, 2017 WL 4294106, *2 (E.D. Wash. Sept. 27, 2017) (denying party's request to take judicial notice of statements in affidavit filed in prior related litigation because "[t]he assertions contained therein are neither generally known within this jurisdiction or readily subject to indisputable verification").  At best, the only facts subject to judicial notice are the existence and filing of these documents.

   15. FRE 201 "permits a court to take judicial notice of adjudicative facts not subject to reasonable dispute."  Agustin v. PNC Fin. Servs. Grp., 707 F.Supp.2d 1080, 1085-86 (D.Haw. 2010).  "A court may take judicial notice of the public record not for the truth of the facts recited therein, but for the existence of the document."  Id., at 1086.  Because judicial notice "dispenses with traditional methods of proof and removes the fact noticed from the province of the jury," it is appropriate only when the fact is "beyond reasonable dispute."  Id.; accord Sharipoff, 2019 WL 118404, *2; Renfroe, 2017 WL 4294106, *2.

16. In Pascua v. OneWest Bank, 2017 WL 424851,*2 (D.Haw. Jan. 31, 2017), reconsideration denied, 2017 WL 661484, aff'd, 700 Fed.Appx. 708 (9th Cir. 2017), the court took "judicial notice of the filing of the Foreclosure Complaint, but not the truth of the facts recited therein" because "the court may not take judicial notice of a matter of public record in order to consider 'the truth of the facts recited therein.' The court may only take judicial notice of the existence of the matter." Id., *2.

17. In Agustin, PNC asked the Court to take judicial notice of "facts … derived from loan applications, affidavits, a warranty deed, mortgages, adjustable and fixed rate notes … HUD statements, and Notices of Right to Cancel[,]" specifically, that "on or about" certain dates, Plaintiffs executed loan applications, mortgages, and received certain documents. Id., at 1086-87. However, the court declined to take judicial notice because "these facts themselves are in dispute, as it is unclear what date Plaintiffs prepared or submitted loan applications, signed mortgages, or received documents. The exact dates of these acts are important in this case." Id., at 1087.

18. Similarly, PNC asked the Court to take judicial notice as to the dates of execution and recordation for the relevant warranty deed. Id. Although the court took judicial notice of the recordation of the deed, it made clear the limits of its holding: "the court does not rule on the veracity of anything in the deed. To be

7

perfectly clear, [t]he existence and authenticity of a document which is a matter of public record is judicially noticeable, ... but the veracity and validity of their contents (the underlying arguments made by the parties, disputed facts, and conclusions of fact) are not." Id.

19. Here, Plaintiffs seek to use the foreclosure affidavits, notices of sale, and other purportedly publicly available documents in an attempt to establish the "facts" therein. Plaintiffs' request for judicial notice should be denied.

20. In the Trustee's memorandum of law in support of its motion for summary judgment, the Trustee specifically noted that "Plaintiffs' admissions (judicial and otherwise), including documents they proffered in support of their claims, are dispositive of the facts set forth therein as against Plaintiffs only. Cook v. Reinke, 484 Fed.App'x 110, 112 (9th Cir. 2012). **None of Plaintiffs' admissions or documents constitute admissible evidence as against the Trustee**. Dkt.#238-1,p.3,n.3.

## "MATTERS RELATING TO FRCP RULE 56(d)"

21. Also in the Bickerton Decl., Plaintiffs make a request to potentially be allowed in the future to submit further evidence under certain circumstances as to certain unidentified issues. Bickerton Decl., ¶¶4-11. The Trustee objects to such request in toto, and Plaintiffs' factual and legal assertions in support of the request are incorrect, unsupported, unprecedented, and without merit. If and when

Plaintiffs actually seek to follow through on such request in the future, the Trustee reserves the right to formally oppose such a request and to present facts and law in opposition to such request.

I, BERNARD J. GARBUTT III, do declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated: March 18, 2019.

       */s/ Bernard J. Garbutt III*
       BERNARD J. GARBUTT III