MORGAN, LEWIS & BOCKIUS LLP
BERNARD J. GARBUTT III, admitted pro hac vice
GRANT R. MACQUEEN, admitted pro hac vice
101 Park Avenue
New York, NY 10178
Telephone: (212) 309-6000
E-mail: bernard.garbutt@morganlewis.com

BRIAN M. JAZAERI, admitted pro hac vice
MEGAN A. SUEHIRO #9582-0
300 South Grand Avenue, Twenty-Second Floor
Los Angeles, CA 90071
Telephone: (213) 612-2500
E-mail: megan.suehiro@morganlewis.com

CHUN KERR LLP
ANDREW V. BEAMAN #2914-0
First Hawaiian Center
999 Bishop Street, Suite 2100
Honolulu, Hawaiʻi 96813
Telephone: (808) 528-8200
E-mail: abeaman@chunkerr.com

Attorneys for Defendant
Deutsche Bank National Trust Company, as trustee

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LIONEL LIMA, JR., et al.,<br><br>　　　　　　Plaintiffs,<br>　vs.<br><br>DEUTSCHE BANK NAT'L TRUST CO., et al.,<br><br>　　　　　　Defendants. | NO. 1:12-cv-00509-SOM-RLP<br><br>**TRUSTEE'S SUBMISSION**<br>**PURSUANT TO LR 7.8**<br><br>[Re Docket #232]<br><br>(Hearing Motion) |

**TRUSTEE'S SUBMISSION PURSUANT TO LR 7.8**

The Trustee hereby makes this submission, pursuant to LR 7.8, in connection with its motion to dismiss (Dkt.#232) and the related reply (Dkt.#249) (collectively, the "Motion").[1] The Trustee may rely upon the following uncited authorities at the hearing on the Motion. For the Court's convenience, and organizational purposes, the authorities are organized under the headings of the Trustee's reply (Dkt.#249) to indicate the arguments to which the authorities pertain:

**I.     PLAINTIFFS FAILED TO ADEQUATELY ALLEGE FACTS THAT THE TRUSTEE WAS RESPONSIBLE FOR THE ALLEGED ACTS AND OMISSIONS**

1. Baranyi v. Univ. of Hawaii, 2014 WL 4180929, *2-4 (D.Haw. Aug. 20, 2014) (Mollway, J.) (granting motion to dismiss complaint based on agency theory because complaint contained only "bare-bones, conclusory allegations" as to the agency relationship) (Ex. 1 hereto).

2. Larson v. Liberty Mut. Fire Ins. Co., 2012 WL 93181, *5 (D.Haw. Jan. 10, 2012) (Mollway, J.) (granting defendant's motion to dismiss because plaintiff "d[id] not allege sufficient facts to establish vicarious liability" where plaintiff "acknowledge[d] in his opposition that [alleged agent] was not

---

[1] Unless stated otherwise, capitalized terms herein shall have the meanings assigned in the Trustee's memorandum of law (Dkt.#232-1). All emphasis is added and all citations, quotations, and alterations are omitted.

[defendant's] employee," "there [was] no indication from the facts alleged that [alleged agent] was in fact subject to [defendant's] control," "no factual allegations suggest[ed] that [defendant] was in a position to dictate anything to [alleged agent], to determine how much information he would provide, or to decide in what manner," and plaintiff "d[id] not allege the presence of a third party who believed that [either alleged agent] was [defendant's] agent") (Ex. 2 hereto).

3. Lenhart v. Westfield Fin. Corp., 909 F.Supp. 744, 749 (D.Haw. 1995) (stating that agency "is based on the right of control between a principal and agent" and holding that agency theory failed because there was a lack of "requisite control" to "sustain a principal-agent relationship" where alleged principal and agent were "completely separate entities engaged in an independent business relationship.") (Ex. 3 hereto).

## II. PLAINTIFFS' NEW CLAIMS ARE TIME-BARRED

4. Williams v. Boeing Co., 517 F.3d 1120, 1133 (9th Cir. 2008) (new claims arising out of same employment at issue in original complaint would not relate back where "additional facts" and different evidence would be used to prove the new claim) (Ex. 4 hereto).

5. In re Dynegy, Inc. Sec. Litig., 339 F.Supp.2d 804, 842 (S.D.Tex. 2004) (court must ensure that there is "substantial identity of interests" between the

original plaintiff and the new plaintiff "to ensure that the defendant is not called upon to defend against new facts and issues") (Ex. 5 hereto).

6. Hamilton v. O'Connor Chevrolet, Inc., 2003 WL 22953337, *3 (N.D.Ill. Dec. 12, 2003) (no relation back where claims arose out of the same general occurrence but were based on "new factual allegations"; "Relation-back is improper when the amendments concern new and distinct claims, even though they may arise from the same general occurrence or injury.") (Ex. 6 hereto).

### III. PLAINTIFFS' "WRONGFUL FORECLOSURE" COA FAILS

7. Jacobsen v. Aurora Loan Servs., LLC, 661 F.App'x 474, 476-77 (9th Cir. 2016) (remanding because the trial court applied the wrong standard, and reciting the wrongful foreclosure elements in California: "(1) the trustee or mortgagee caused an illegal, fraudulent, or willfully oppressive sale of real property pursuant to a power of sale in a mortgage or deed of trust; (2) the party attacking the sale was prejudiced or harmed; and (3) in cases where the trustor or mortgagor challenges the sale, the trustor or mortgagor tendered the amount of the secured indebtedness or was excused from tendering") (Ex. 7 hereto).

8. Chandler v. NDeX W., LLC, 571 F.App'x 606, 608 (9th Cir. 2014) (affirming grant of the successor trustee's motion for summary judgment on plaintiff's wrongful foreclosure claim because "[a]n action for wrongful foreclosure in Nevada requires a plaintiff to 'establish that at the time the power of

sale was exercised or the foreclosure occurred, no breach of condition or failure of performance existed on the mortgagor's or trustor's part which would have authorized the foreclosure or exercise of the power of sale'" and plaintiff "conceded that she defaulted on her mortgage payments before the Notice of Default was recorded") (Ex. 8 hereto).

9. Guerrero v. Greenpoint Mortg. Funding, Inc., 403 F.App'x 154, 157 (9th Cir. 2010) ("The Guerreros lacked standing to bring a claim for 'wrongful foreclosure,' because they failed to allege actual, full, and unambiguous tender of the debt owed on the mortgage. Even if they had standing, they have not pleaded any facts to rebut the unbroken chain of title or the trustee's power to foreclose on the property in event of default.") (Ex. 9 hereto).

10. Henderson v. GMAC Mortg. Corp., 347 F.App'x 299, 302 (9th Cir. 2009) ("The district court also correctly determined that the Hendersons could not recover on their illegal foreclosure claim because no foreclosure has occurred and because [mortgagee] had the right to foreclose after the Hendersons' default.") (Ex. 10 hereto).

11. Hines v. Nat'l Default Servicing Corp., 2015 WL 4611941, *2 (Nev. July 31, 2015) (affirming grant of summary judgment against plaintiffs on their wrongful foreclosure claim because plaintiffs did not establish that they were not in default and "the material issue of fact in a wrongful foreclosure claim is whether

the trustor was in default when the power of sale was exercised"; "[i]f the plaintiff does not or cannot demonstrate that it was not in default, then it cannot prevail on a tort claim for wrongful foreclosure") (Ex. 11 hereto).

12. Crossroads Inv'rs, L.P. v. Fed. Nat'l Mortg. Ass'n, 13 Cal.App.5th 757, 782 (Ct. App. 2017) (reciting the wrongful foreclosure elements: "(1) the trustee or mortgagee caused an illegal, fraudulent, or willfully oppressive sale of real property pursuant to a power of sale in a mortgage or deed of trust; (2) the party attacking the sale (usually but not always the trustor or mortgagor) was prejudiced or harmed; and (3) in cases where the trustor or mortgagor challenges the sale, the trustor or mortgagor tendered the amount of the secured indebtedness or was excused from tendering") (Ex. 12 hereto).

## V. **PLAINTIFFS' "QUITCLAIM DEED" THEORY FAILS**

13. Askins v. U.S. Dep't of Homeland Sec., 899 F.3d 1035, 1038, 1043 (9th Cir. 2018) (holding that law of the case doctrine did not apply because the plaintiff filed an amended complaint "and included facts and claims that were different from those in the initial complaint") (Ex. 13 hereto).

14. Watson v. Cate, 526 F.App'x 779, 781 (9th Cir. 2013) (holding that the district court's application of a recent decision in a different case "did not violate the rule of mandate" because the recent decision represented an "intervening" change in law) (Ex. 14 hereto).

15. Milgard Tempering, Inc. v. Selas Corp. of Am., 902 F.2d 703, 715 (9th Cir. 1990) (affirming district court's decision not to apply law of the case doctrine because "[a]pplication of the doctrine is **discretionary**" and a "court properly exercises its discretion to reconsider an issue previously decided … [when] an intervening change in the law has occurred") (Ex. 15 hereto).

16. Gallagher v. San Diego Unified Port Dist., 14 F.Supp.3d 1380, 1390 (S.D.Cal. 2014) (holding that "intervening law" would allow the district court "to deviate from the Ninth Circuit Memorandum Opinion" and finding "all of these cases read 'intervening' to mean a change in law prior to the instant matter before that court deciding the issue") (Ex. 16 hereto).

17. Hells Canyon Pres. Council v. Connaughton, 2012 WL 13047991, *15 (D.Or. Aug. 10, 2012) (interpreting inconsistent Ninth Circuit decisions: "Although the Ninth Circuit has never explicitly repudiated its reasoning in Anderson, unpublished Ninth Circuit decisions and district courts in the Ninth Circuit appear to follow the [approach] more recently described by Environmental Protection Information Center. … Absent guidance to the contrary from the Ninth Circuit, **I follow its most recent pronouncement**.") (Ex. 17 hereto).

Dated: April 2, 2019  
New York, NY

MORGAN, LEWIS & BOCKIUS LLP

By: /s/ *Bernard J. Garbutt III*
    Bernard J. Garbutt III

Attorneys for Defendant
Deutsche Bank National Trust
Company, as trustee