MORGAN, LEWIS & BOCKIUS LLP
BERNARD J. GARBUTT III, admitted pro hac vice
GRANT R. MACQUEEN, admitted pro hac vice
101 Park Avenue
New York, NY 10178
Telephone: (212) 309-6000
E-mail: bernard.garbutt@morganlewis.com

BRIAN M. JAZAERI, admitted pro hac vice
MEGAN A. SUEHIRO #9582-0
300 South Grand Avenue, Twenty-Second Floor
Los Angeles, CA 90071
Telephone: (213) 612-2500
E-mail: megan.suehiro@morganlewis.com

CHUN KERR LLP
ANDREW V. BEAMAN #2914-0
First Hawaiian Center
999 Bishop Street, Suite 2100
Honolulu, Hawaiʻi 96813
Telephone: (808) 528-8200
E-mail: abeaman@chunkerr.com

Attorneys for Defendant
Deutsche Bank National Trust Company, as trustee

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LIONEL LIMA, JR., et al.,<br><br>        Plaintiffs,<br>   vs.<br><br>DEUTSCHE BANK NAT'L TRUST CO., et al.,<br><br>        Defendants. | NO. 1:12-cv-00509-SOM-RLP<br><br>**TRUSTEE'S SUBMISSION PURSUANT TO LR 7.8**<br><br>[Re Docket #238]<br><br>(Hearing Motion) |

## TRUSTEE'S SUBMISSION PURSUANT TO LR 7.8

The Trustee hereby makes this submission, pursuant to LR 7.8, in connection with its motion for summary judgment (Dkt.#238) and the related reply (Dkt.#251) (collectively, the "Motion").[1]  The Trustee may rely upon the following uncited authorities at the hearing on the Motion.  For the Court's convenience, and organizational purposes, the authorities are organized under the headings of the Trustee's reply (Dkt.#251) to indicate the arguments to which the authorities pertain:

I.   **PLAINTIFFS FAILED TO PROFFER**
     ***ADMISSIBLE* EVIDENCE THAT THE**
     **TRUSTEE WAS RESPONSIBLE FOR THE ALLEGED ACTS**

   A.   **The Documents Plaintiffs Rely Upon To Establish The**
        **Trustee's Liability Or Any Agency Relationship Are Inadmissible**

   1.   Reusser v. Wachovia Bank, N.A., 525 F.3d 855, 858 n.3 (9th Cir. 2008) (declining to take judicial notice of a declaration purportedly showing the relationship between Wachovia and Washington Mutual "[b]ecause the accuracy of the declaration is subject to reasonable dispute … .") (Ex. 1 hereto).

   2.   Forouzan v. BMW of N. Am., LLC, 2019 WL 856395, *2 (C.D.Cal. Jan. 11, 2019) ("The Court declines to take judicial notice of the declaration of Payam Shahian filed in support of the plaintiff's fee motion in the Abedi-Masihi

---

[1]    Unless stated otherwise, capitalized terms herein shall have the meanings assigned in the Trustee's memorandum of law (Dkt.#238-1).  All emphasis is added and all citations, quotations, and alterations are omitted.

matter (number nine) because a declaration is 'subject to reasonable dispute.'") (Ex. 2 hereto).

3.   Sharipoff v. Jason Myers (Sheriff), 2019 WL 118404, *2 (D.Or. Jan. 7, 2019) (denying plaintiff's request to judicially notice "the contents of affidavits" that "do not rise to the high degree of indisputability required for judicial notice" and "are subject to appropriate hearsay objections") (Ex. 3 hereto).

4.   Renfroe v. Quality Loan Serv. Corp. of Washington, 2017 WL 4294106, *2 (E.D.Wash. Sept. 27, 2017) (denying party's request to judicially notice assertions contained in declaration filed in related action because "[t]he assertions contained therein are neither generally known within this jurisdiction nor readily subject to indisputable verification") (Ex. 4 hereto).

5.   Bass v. Cty. of Butte, 2004 WL 1925468, *2 n.2 (E.D.Cal. Aug. 6, 2004) ("[Plaintiff] seeks judicial notice of a declaration produced in another case in this district.  But the court may only take judicial notice of the existence of the document as a public record--there must be an independent basis for taking notice of the facts referenced in the declaration. …  The court cannot take judicial notice of the facts contained in the declaration at issue because there is no independent basis to do so.") (Ex. 5 hereto).

6.   Los Angeles News Serv. v. CBS Broad., Inc., 305 F.3d 924, 934 (9th Cir.), opinion amended on denial of reh'g, 313 F.3d 1093 (9th Cir. 2002) (holding

that proponent of evidence bears the burden of establishing a foundation to conclude that statement is within hearsay exclusion and finding that proponent could not meet that burden where "it offered no evidence of the scope of the editor's agency relationship . . . beyond the editor's own hearsay declaration.") (Ex. 6 hereto).

7.  United States v. Chang, 207 F.3d 1169, 1176-77 (9th Cir. 2000) (stating that the hearsay exclusion in FRE 801(d)(2)(D) "'requires the proffering party to lay a foundation to show that an otherwise excludable statement relates to a matter within the scope of the agent's . . . employment'" and holding that there was no error in the district court's exclusion of the proffered evidence under the hearsay rule) (Ex. 7 hereto).

8.  Oklevueha Native Am. Church of Hawaii, Inc. v. Holder, 2013 WL 6892914, *7 (D.Haw. Dec. 31, 2013) (Mollway, J.), aff'd sub nom. Oklevueha Native Am. Church of Hawaii, Inc. v. Lynch, 828 F.3d 1012 (9th Cir. 2016) (holding that "none" of the documents Plaintiffs sought to introduce "appears to be admissible" because while the documents were presumably being offered as factual proof for the statements contained within them, Plaintiffs failed to propose any exception to the hearsay rule under which they could be admitted) (Ex. 8 hereto).

9.    <u>Kuster v. Foley</u>, 2008 WL 2051594, *3 n.3 (D.Haw. May 13, 2008) (Mollway, J.), <u>aff'd</u>, 438 F.App'x 543 (9th Cir. 2011) ("Because the police reports' statements about the property line in question are hearsay, this court does not rely on them in deciding the present motion [for summary judgment].") (Ex. 9 hereto).

10.    <u>Henao v. Hilton Grand Vacations Co.</u>, 2017 WL 4479253, *10 (D.Haw. Oct. 6, 2017) (holding that party offering testimony failed to meet his burden under the hearsay exclusion in FRE 801(d)(2) where he offered no evidence that declarants were authorized to make statements or bind the party opponent on the relevant subject) (Ex. 10 hereto).

### C.    There Is No Admissible Evidence That The Servicers Were The Trustee's Agents

#### 1.    The PSAs Establish That The Trustee Is *Not* Liable For The Servicers' Conduct

11.    <u>Argonaut P'ship L.P. v. Bankers Trustee Co. Ltd.</u>, 2001 WL 585519, *1 (S.D.N.Y. May 30, 2001) (dismissing claims against indenture trustee premised upon alleged violation of "its duty to supervise the collection activities and practices of the Servicer" because "the applicable sections of the [trust governing agreement] impose no duty upon [the trustee] either to perform those activities or to monitor those parties") (Ex. 11 hereto).

12.    <u>Tobin v. Nationstar Mortg. Inc.</u>, 2016 WL 1948786, *11 (C.D.Cal. May 2, 2016) (dismissing claims against all non-mortgage servicer defendants,

including U.S. Bank as trustee, where claims applied only to acts and omissions of the mortgage servicer) (Ex. 12 hereto).

13.    Jones v. Aegis Wholesale Corp., 2015 WL 9260837, *2 (E.D.Cal. Dec. 18, 2015) (dismissing complaint against U.S. Bank as trustee for failure to allege facts showing trustee exercised control over loan servicer) (Ex. 13 hereto).

14.    Johnson v. Fed. Home Loan Mortg. Corp., 2013 WL 2445367, *3-5 (W.D.Wash. June 5, 2013), aff'd, 793 F.3d 1005 (9th Cir. 2015) (granting mortgagee's motion to dismiss complaint for failure to allege facts showing mortgagee assumed an agency relationship with servicer including because mortgagee "is not involved in any way in the servicing of the mortgage loans which it purchases from originating lenders.") (Ex. 14 hereto).

**2.    There Was No Agency Because The Trustee Retained _No_ Control Over The Servicers**

15.    Asante v. California Dep't of Health Care Servs., 886 F.3d 795, 799 (9th Cir. 2018) (noting the obligation of federal courts to "look to other state-court decisions" "[i]f there is no state supreme court decision on a state law issue" because "[s]tate appeals court decisions on state law issues provide guidance and instruction and are not to be disregarded in the absence of convincing indications that the state supreme court would hold otherwise") (Ex. 15 hereto).

16.    Liftee v. Boyer, 108 Haw. 89, 96 (ICA 2004) (doctor retained by defendant's insurance company to examine plaintiff was not an agent of the

defendant because "[t]here is nothing in the record to suggest that [defendant] controlled [doctor] in the performance of his medical examination of [plaintiff]") (Ex. 16 hereto).

### 3.    The Trustee Is Not Liable For Unlawful Acts Because They Would Be Outside The Scope Of Any Servicer's Authority

17.    <u>De Los Angeles Gomez v. Bank of Am., N.A.</u>, 642 F.App'x 670, 674-75 (9th Cir. 2016) ("Plaintiffs' agency theory does not connect the Bank Defendants with their financial losses.  Even if Vahedi were a dual agent . . . by virtue of the loan application materials Countrywide Home Loans sent out to some of the Plaintiffs after they applied for home loans, the Bank Defendants could only be liable to Plaintiffs for Vahedi's actions done within the scope of his agency, and only for actions that were foreseeable from his duties and apparent authority as an agent of the Bank Defendants") (Ex. 17 hereto).

18.    <u>HRPT Props. Tr. v. Rancho Cordova, L.C.</u>, 14 F.App'x 8, 12 (1st Cir. 2001) (affirming grant of summary judgment for real estate purchaser's, HRPT's, claims against the defendant seller for the seller's inability to convey good title where the seller failed to convey a five-foot strip of land adjacent to a six-acre parcel in violation of a Sacramento County code requirement, and refuting the seller's power of attorney defense because "powers of attorney are 'subject to strict interpretation' and are not 'to be construed as authorizing acts beyond those

specified'" and the seller only had the power to convey the six-acre parcel, not the adjacent five-foot strip of land) (Ex. 18 hereto).

19.    <u>Dorroh v. Deerbrook Ins. Co.</u>, 223 F.Supp.3d 1081, 1096 (E.D.Cal. 2016) (holding that "a liability insurer cannot be held liable for the [retained] attorney's tortious conduct" "because an attorney retained by an insurer to defend its insured is an independent contractor") (Ex. 19 hereto).

20.    <u>Horwitz v. Holabird & Root</u>, 212 Ill.2d 1, 12-14 (Ill. 2004) ("After careful consideration of this conflicting authority, we conclude that when, as here, an attorney acts pursuant to the exercise of independent professional judgment, he or she acts presumptively as an independent contractor whose intentional misconduct may generally not be imputed to the client" unless "the client directed, controlled, authorized, or ratified the attorney's allegedly tortious conduct") (Ex. 20 hereto).

21.    <u>Palmer v. Ted Stevens Honda, Inc.</u>, 193 Cal.App.3d 530, 539 (1987) (holding that the trial court's admission of evidence of a defendant's law firm's litigation tactics as evidence of liability against the defendant was not "probative of whether defendant in bad faith denied the contractual obligation prior to the lawsuit" and erroneous because "[w]hile much of what an attorney does in litigation is contractually binding on the client, where it is tortious the client is not

vicariously liable merely for retaining the attorney who is an independent contractor") (Ex. 21 hereto).

22.     Unif. Power of Attorney Act § 114 ("Notwithstanding provisions in the power of attorney, an agent that has accepted appointment shall: (1) act in accordance with the principal's reasonable expectations to the extent actually known by the agent and, otherwise, in the principal's best interest; (2) act in good faith; and (3) act only within the scope of authority granted in the power of attorney.") (Ex. 22 hereto).

23.     Unif. Power of Attorney Act § 203 ("Except as otherwise provided in the power of attorney, by executing a power of attorney that incorporates by reference a subject described in Sections 204 through 217 or that grants to an agent authority to do all acts that a principal could do pursuant to Section 201(c), a principal authorizes the agent, with respect to that subject, to: … (10) Do any lawful act with respect to the subject and all property related to the subject.") (Ex. 23 hereto).

**D.     The Trustee Never Had *Any* Nondelegable Duty**

24.     HuiHui v. T.A.B. Retail Remodeling, Inc., 2012 WL 425006, *4 (D.Haw. Feb. 9, 2012) ("[T]his Court FINDS that, during all periods relevant to the instant case:  1) T.A.B. was an independent contractor of Lowe's; and 2) T.A.B. had complete discretion and control over John Durant and Cassidy Haines,

the persons whose actions allegedly caused the harm to Plaintiffs.  The Court

therefore CONCLUDES that, pursuant to Hawai'i law as well as the terms of the

ISSA Contract, Lowe's is not liable for damages arising from the alleged

negligence or misconduct of T.A.B.'s employees.") (Ex. 24 hereto).

25.   <u>Pourny v. Maui Police Dep't, Cty. of Maui</u>, 127 F.Supp.2d 1129, 1151

(D.Haw. 2000) ("The Court finds that MCA is not liable via respondeat superior

for any actions of Viveiros.  It is undisputed that Viveiros was hired as an

independent contractor to execute the writ.  An employer is generally not liable for

damages arising from the negligence or misconduct of an independent contractor.")

(Ex. 25 hereto).

26.   <u>Bynum v. Magno</u>, 125 F.Supp.2d 1249, 1266 (D.Haw. 2000)

(granting in part and denying in part defendant's motion for summary judgment,

recognizing that "[a]dopting the test set out above will preserve the general rule

that hospitals are not generally liable for the acts of independent contractors

because they lack the requisite control over them" and "[t]o adopt a more liberal

interpretation would be to allow the exception to swallow the rule") (Ex. 26

hereto).

27.   <u>Fraser v. Morrison</u>, 39 Haw. 370, 376 (Haw. Terr. 1952) ("[T]he

defendant Blue Cross is not answerable for any misdeeds or illegal acts of the

collection agency.  A collection agency is an independent contractor for whose act

the creditor is not responsible.  There is, therefore, a misjoinder of parties

defendant."), <u>abrogated on other grounds</u> <u>Hac v. Univ. of Hawaii</u>, 102 Haw. 92, 92

(2003) (Ex. 27 hereto).

28.   <u>Taira v. Oahu Sugar Co. Ltd.</u>, 1 Haw.App. 208, 210-12 (1980) (per

curiam) (affirming trial court order granting defendant/principal's motion for

directed verdict and holding that the principal "was not liable for those actions

taken by CPB as an independent contractor which caused appellant's injuries"

because "CPB exercised complete direction and control over the repair of the sugar

cane equipment" and was "given complete responsibility for making the necessary

repairs and for determining how to make those repairs") (Ex. 28 hereto).

### 1.   The Duty To Service Plaintiffs' Mortgages Was *Always* The Servicers'

29.   <u>Proriver Inc. v. Red River Grill, LLC</u>, 83 F.Supp.2d 42, 51 n.19

(D.D.C. 1999) ("As a general rule, the performance of duties in a contract may be

delegated unless they require the exercise of personal skill or discretion.  Here, it

does not appear that use of the mark required the exercise of any personal skill or

discretion by CBI.  Thus, CBI was free to delegate that obligation.") (Ex. 29

hereto).

### 2.   <u>Plaintiffs' Other Nondelegable Duty Arguments Fail</u>

30.   <u>Ek v. Herrington</u>, 939 F.2d 839, 843-44 (9th Cir. 1991) (affirming

summary judgment against plaintiff in a case in which logs broke loose from

independent contractor's truck and landed on plaintiff's vehicle because "employers are not liable for the torts of independent contractors" unless the work "involves unusual dangers inherent in the work," and the risk posed by malfunctioning brakes and overloading a logging truck are not inherently dangerous so "[a]n employer of an independent contractor is justified in presuming that a careful contractor will not create that risk and, therefore, has no nondelegable duty to prevent it") (Ex. 30 hereto).

31.   Council of Co-Owners Atlantis Condo., Inc. v. Whiting Turner Contracting Co., 308 Md. 18, 40 (1986) (applying Restatement (Second) of Torts § 424 in a case in which alleged violations of building code created a fire hazard that presented a threat to the building's occupants) (Ex. 31 hereto).

## II.   PLAINTIFFS FAILED TO PROVE DAMAGES AND CAUSATION

### A.   Plaintiffs Failed To Prove Any Damages

32.   Tabieros v. Clark Equip., 85 Haw. 336, 389 (1997) (vacating judgment in part because "the general rule in measuring damages is to give a sum of money to the person wronged which as nearly as possible, will restore him [or her] to the position he [or she] would be in if the wrong had not been committed") (Ex. 32 hereto).

### B.   Plaintiffs Failed To Prove Causation

33.   Carswell v. JP Morgan Chase Bank N.A., 500 F.App'x 580, 582 (9th Cir. 2012) (affirming dismissal of the plaintiff's wrongful foreclosure claim

because "only [plaintiff's] failure to pay the mortgage caused her damage") (Ex. 33 hereto).

34.　<u>Silvas v. G.E. Money Bank</u>, 449 F.App'x 641, 644 (9th Cir. 2011) (under the doctrine of unclean hands, a defaulting mortgagor was not entitled to preliminary injunction preventing foreclosure; "[Mortgagor] wishes to continue to live in her house, but she has not offered to make any payments on her loan, she did not tender any payments when she sought rescission, nor is she able to repay the loan at this time … [T]he doctrine of unclean hands bars relief to a plaintiff who has violated good faith or other equitable principles in the transaction at issue.") (Ex. 34 hereto).

## V.　**PLAINTIFFS FAILED TO PROVE THEIR UDAP CLAIMS**

### B.　**Plaintiffs Still Fail To Prove UDAP Damages And Causation**

35.　<u>Chandler v. Washington Mut. Bank, F.A.</u>, 2011 WL 6140926, *11 (D.Haw. Dec. 9, 2011) (in case in which the plaintiff asserted claims against her mortgagee, holding that the plaintiff's "UDAP count fails to the extent it seeks damages, because no evidence indicates [Defendants] participated" in the alleged misconduct) (Ex. 35 hereto).

36.　<u>Skaggs v. HSBC Bank, N.A.</u>, 2011 WL 3861373, *5 (D.Haw. Aug. 31, 2011) (in case in which the plaintiff asserted claims against her mortgagee,

holding that the plaintiff's UDAP claim for damages failed because "no evidence

indicates [the defendant] participated" in the alleged misconduct) (Ex. 36 hereto).

37.    Araki v. Bank of Am., 2010 WL 5625970, *6 (D.Haw. Dec. 14, 2010)

(dismissing UDAP claim because plaintiffs failed to allege that defendant, an

alleged mortgagee, participated in wrongful conduct, and rejecting the plaintiff's

argument for the application of vicarious liability under FTC rules) (Ex. 37 hereto).

38.    Ouch v. Federal Nat'l Mortg. Ass'n, 2013 WL 139765, *3-4 (D.Mass.

Jan. 10, 2013) (denying motion for leave to amend complaint as to foreclosure-

related claims brought under consumer protection statute because, inter alia,

"neither a lender nor a loan servicer owes a common-law duty of care to a

borrower," and also finding that "servicer is responsible for foreclosing on

defaulted loans") (Ex. 38 hereto).

## VI.    THE "LAND COURT" PLAINTIFFS' CLAIMS ARE BARRED

39.    Caraang v. PNC Mortg., 795 F.Supp.2d 1098, 1117 (D.Haw. 2011)

(dismissing foreclosure-related claims, including UDAP claim, because the

property "is registered in the Land Court and a new certificate of title has already

been issued following the foreclosure sale.  Thus, even assuming, arguendo, that

Plaintiffs had valid defenses to the propriety of the non-judicial foreclosure sale,

the defenses are time-barred because Plaintiffs failed to raise them before the new

certificate of title was issued") (Ex. 39 hereto).

## IX.   PLAINTIFFS LACK STANDING TO ASSERT CLAIMS AGAINST DBNTC IN ITS INDIVIDUAL CAPACITY

40.   <u>Eurus Genomics v. Genesys Techs.</u>, 2007 WL 3331830, *2 (D.Haw. Nov. 9, 2007) (Mollway, J.) (dismissing breach-of-contract claim asserted against director of corporation in his individual capacity because he signed the relevant contract "in his capacity as a director of [the corporation]"; "Under Hawaii law, so long as there is no intent by the parties to have an officer or an agent of a company be personally liable for a contract that the company enters into, that officer or agent is not personally liable for contract claims arising out of the company's breach of the contract.") (Ex. 40 hereto).

41.   <u>Adwalls Media v. Ad Walls</u>, 2015 WL 419664, *7 (D.Haw. Jan. 30, 2015) (Mollway, J.) (holding that principal of litigant, in his individual capacity, is not bound by agreement that he signed on behalf of litigant; "Although Blinn signed the Agreement on behalf of Adwalls Media, he was not personally a party to the Agreement.  To the extent Count I is asserted against him in his individual capacity, the integration clause does not apply to him.") (Ex. 41 hereto).

42.   <u>Hernando v. Hamamoto</u>, 2013 WL 6197160, *6 (D.Haw. Nov. 26, 2013) (Mollway, J.) ("A suit against a state official, acting in his or her official capacity, is barred by the Eleventh Amendment, to the extent it requests money damages or relief that is retroactive in nature.  To the extent Matayoshi is being sued in her official capacity as the superintendent of the DOE, Hernando may not

seek relief other than prospective injunctive relief."), aff'd, 627 F.App'x 627 (9th Cir. 2015) (Ex. 42 hereto).

43.   TorPharm v. Ranbaxy Pharm., 336 F.3d 1322, 1329 (Fed. Cir. 2003) (rejecting defendant's argument as "simply urg[ing] the logical fallacy of denying the antecedent"; plaintiff argued that, because it patented a product, it could patent the process for making the product.  A court then held that the plaintiff could not patent the product.  Still, contrary to the defendant's argument, that ruling "does not lead to the conclusion that the process is not patentable.  The process may (or may not) be patentable for other reasons.") (Ex. 43 hereto).

44.   Bradley v. Wells Fargo, 2013 WL 6681610, *3 (D.N.H. Dec. 18, 2013) (dismissing borrowers' claims against Wells Fargo in its individual capacity because "Bradley focuses his claims in the amended complaint on the foreclosure of the mortgage and his eviction following the foreclosure.  The proper targets for these claims are Wells Fargo PSA Trustee, the entity that allegedly oversaw the foreclosure and eviction, and Ocwen, the loan servicer when the foreclosure and eviction occurred.  The amended complaint does not allege that [Wells Fargo, in its individual capacity] had any involvement in either the foreclosure or the eviction. Accordingly, the amended complaint is defective to the extent that it seeks to hold [Wells Fargo, in its individual capacity] liable for harm resulting from either the foreclosure or the eviction.") (Ex. 44 hereto).

45.    <u>Jet Star Enters. v. CS Aviation Servs.</u>, 2004 WL 350733, *8

(S.D.N.Y. Feb. 25, 2004) (in light of contractual language, modifying judgment

against bank so that it is entered against bank "solely in its capacity as owner-

trustee for the benefit of C.S. Aviation Services") (Ex. 45 hereto).


Dated:  April 2, 2019                    MORGAN, LEWIS & BOCKIUS LLP
New York, NY


                                         By:  /s/ *Bernard J. Garbutt III*
                                              Bernard J. Garbutt III

                                         Attorneys for Defendant
                                         Deutsche Bank National Trust
                                         Company, as trustee