BICKERTON LAW GROUP
A Limited Liability Law Partnership
JAMES J. BICKERTON                          3085
BRIDGET G. MORGAN-BICKERTON    8705
745 Fort Street, Suite 801
Honolulu, Hawaii 96813
Tel.  (808) 599-3811

PERKIN & FARIA
A Limited Liability Law Company
JOHN F. PERKIN                                    1673
841 Bishop Street, Suite 1000
Honolulu, Hawaii 96813
Tel.  (808) 523-2300

AFFINITY LAW GROUP
A Limited Liability Law Company
VAN-ALAN H. SHIMA                          8176
1188 Bishop Street, Suite 3408
Honolulu, Hawaii 96813
Tel.  (808) 545-4600

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| LIONEL LIMA, JR., and BARBARA-ANN DELIZO-LIMA; and CALVIN JON KIRBY II individually and on behalf of those similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY; THE LAW | Civil No. 12-00509 SOM-RLP<br>(Class Action)<br><br>**PLAINTIFFS' NOTICE OF SUBMISSION PURSUANT TO LOCAL RULE 7.8; EXHIBITS "1" – "6"; CERTIFICATE OF SERVICE**<br><br>[Related Docket Nos. 246 and 247] |

| | |
|---|---|
| OFFICE OF DAVID B. ROSEN, A LAW CORPORATION; DAVID B. ROSEN, and Doe DEFENDANTS 1-50,<br><br>            Defendants. | **HEARING MOTION**<br>Date:   April 8, 2019<br>Time:   10:30 a.m.<br>Judge: Hon. Susan Oki Mollway |

## PLAINTIFFS' NOTICE OF SUBMISSION PURSUANT TO LR 7.8

Pursuant to Local Rule 7.8, Plaintiffs herewith respectfully provide the Court with the following decisions which Plaintiffs believe are supplemental authority relevant to: (a) *Plaintiffs' Memorandum in Opposition to [Dkt. 232] Motion to Dismiss of Defendant Deutsche Bank Nat'l Trust Co., As Trustee, Filed February 15, 2019* [Dkt. #246]; and (b) *Plaintiff's Memorandum in Opposition to Motion for Summary Judgment of Defendant Deutsche Bank National Trust Company, As Trustee Filed on February 15, 2019* [Dkt. #247].

Specifically, Plaintiffs cite the following supplemental authorities, copies of which are attached and highlighted for the Court's convenience:

1.   *Tsuru v. Bayer*, 25 Haw. 693, 695-697 (1920) ("[c]onversion is any distinct act of dominion wrongfully exerted over another's personal property in denial of or inconsistent with his rights therein") (attached as **Exhibit "1"** hereto).

2. *Freddy Nobriga Enters. v. State*, 129 Haw. 123, 129 (Haw. Ct. App. 2013) ("[c]onversion encompasses the following acts: '(1) A taking from the owner without his consent; (2) an unwarranted assumption of ownership; (3) an illegal use or abuse of the chattel; and (4) a wrongful detention after demand'") (attached as **Exhibit "2"** hereto).

3. *Mid-Pacific Dress Mfg. Co. v. Cadinha*, 36 Haw. 732, 748 (1944) ("This not being an action to recover the purchase price with interest, the time of the hearing, in this case taken as of May 13, 1933 (to which there is no dispute, it also being the date of the last valuation and inventory of the respondent corporation), establishes the measure of damages rather than the time of the original misappropriation.") (attached as **Exhibit "3"** hereto).

4. *Mossman v. Hawaiian Tr. Co.*, 45 Haw. 1, 7 (1961) ("[c]learly, a suit for specific performance is not ruled out by the circumstance that the land is registered under chapter 342") (attached as **Exhibit "4"** hereto).

5. *Sakal v. Ass'n of Apartment Owners of Hawaiian Monarch*, 143 Haw. 219, 232 (Haw. Ct. App. 2018) ( "The AOAO appears to further argue that HRS § 667-102 operates as a complete bar to any claim by Sakal for wrongful foreclosure, and not just Sakal's claim to title to the Property.  This argument is without merit.  HRS § 667-102 plainly bars any claim 'in and to the unit and every part of the

unit.' It does not bar, generally, all claims arising out of wrongful and unlawful nonjudicial foreclosure by associations.") (attached as *Exhibit "5"* hereto).

6. *Villon v. Marriott Hotel Servs.*, No. 08-00529 LEK-RLP, 2011 U.S. Dist. Lexis 101122, at *58 (D. Haw. Sep. 8, 2011) (in certifying question to Hawaii Supreme Court, "the Court recognizes that reasonable minds can differ on this issue, as evidenced by the differing rulings in this district court and in the state court. This Court cannot conclude that it is reasonably clear which analysis the Hawai'i Supreme Court would adopt. Thus, the Court finds that there is no clear controlling precedent on this issue from the Hawai'i Supreme Court, and this Court cannot predict how the Hawai'i Supreme Court would rule on this issue".") (attached as *Exhibit "6"* hereto).

DATED: Honolulu, Hawaii, April 4, 2019.

/s/ Van-Alan H. Shima
JAMES J. BICKERTON
BRIDGET G. MORGAN-BICKERTON
JOHN FRANCIS PERKIN
VAN-ALAN H. SHIMA

Attorneys for Plaintiffs